GOLDMAN, Appellant,

v.

STATE MEDICAL BOARD OF OHIO, Appellee.

[Cite as *Goldman v. State Med. Bd. of Ohio* (1996), 110 Ohio App.3d 124.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE10–1358.

Decided March 29, 1996.

*Lane, Alton & Horst* and *Jeffrey J. Jurca,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Anne Berry Strait,* Assistant Attorney General, for appellee.

DESHLER, Judge.

Appellant, Douglas S. Goldman, appeals from a judgment of the Franklin County Court of Common Pleas, affirming an order of appellee, the State Medical Board of Ohio ("the board"), revoking appellant's license to practice cosmetic therapy.

Appellant has been licensed to practice cosmetic therapy in Ohio since 1974. Cosmetic therapy is a limited branch of medicine involving the removal of unwanted hair, usually by means of electrolysis. Limited practitioners in Ohio are licensed by the board under the provisions of R.C. 4731.15 *et seq.*

Pursuant to an investigation, the board had cause to believe that appellant had violated the terms of Ohio Adm.Code 4731–1–03(D), by referring to himself in telephone conversations with an investigator as "Dr. Goldman" and through office signage identifying him as "Dr. D.S. Goldman," thus potentially misrepresenting himself as a physician in violation of the above-cited administrative code section. Pursuant to its investigation, the board mailed to appellant in November 1993 an envelope containing copies of the pertinent statutory sections, as well as a two-page letter notifying appellant of the charges against him and his opportunity to request a hearing. Appellant apparently concedes receiving the certified mail envelope from the board on November 8, 1993, but has maintained that the notice

of hearing, containing the specific allegations against him, was not in the envelope.

The record of the board in this matter, which is before us upon appeal and was before the court of common pleas below, contains the minutes of the board meeting on March 9, 1994, at which the board noted that appellant had not requested a hearing, more than thirty days had elapsed since the mailing of the board's notice of an opportunity for a hearing, and upon motion to enter an order of permanent revocation, a roll-call vote was taken and the motion carried. The board does not appear to have entertained any testimony or reviewed any evidence at this point, and there is no transcript or other record of the board's proceeding on this occasion other than the minutes contained in the record.

A letter dated March 11, 1994 was mailed to appellant, enclosing a copy of the board order revoking his cosmetic therapy license. Appellant thereafter filed his timely notice of appeal to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. Appellant further filed a motion to admit additional evidence, which was granted by the court of common pleas. A hearing took place before the court on August 30, 1994, at which appellant testified that he had not received notice of the allegations against him prior to the board's revocation of his license. Appellant later submitted an affidavit alleging that sometime previously he had determined by means of a postal scale that based upon the postage indicated on the board's envelope, the two-page notice of opportunity for a hearing could not have been enclosed without increasing the weight so that the required postage would have been greater.

The court of common pleas rendered its decision on August 24, 1995, and as a threshold matter determined that it did not find credible appellant's assertion that he had not received notice of the scheduled hearing before the board. The trial court based its determination of the credibility of appellant at least in part upon appellant's lack of any response whatsoever when he received the certified mail envelope from the board containing the enclosed statutory materials, which in the court's view, should have prompted a reasonable state licensee to pursue an inquiry with the board as to the significance of the certified mailing.

The trial court then addressed the issue of whether the board is required to have a hearing, and the nature of that hearing, when a licensed limited practitioner fails to respond to a notice that disciplinary action will be considered against him. The court concluded that the board could go forward with a "summary, non-oral proceeding to make its decision based on the unchallenged information before it." The court concluded that the board's decision was supported by reliable, probative and substantial evidence and was in accordance with law. The court affirmed the revocation of appellant's license to practice cosmetic therapy in Ohio.

Appellant has timely appealed and brings the following two assignments of error:

"1.  The trial court erred in finding that Appellee's order revoking Appellant's license was issued in accordance with law.

"2.  The trial court erred in finding that Appellee's order revoking Appellant's license was based upon reliable, probative and substantial evidence."

R.C. 119.12 sets forth the standard of review to be applied by the trial court in deciding an administrative appeal, and provides in part that the court may affirm the order of the agency if it finds, based upon consideration of the entire record and additional evidence submitted to the court, "that the order is supported by reliable, probative, and substantial evidence and is in accordance with law."  On an appeal from the court of common pleas' review of the agency's order, our review, as an appellate court, is more limited and is restricted to a determination of whether the trial court abused its discretion.  *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267–268.

Appellant's assignments of error are interrelated and will be discussed together.  The first issue raised is whether the trial court abused its discretion in finding there was reliable, probative and substantial evidence that appellant had indeed received notice of the pending proceedings against him by means of the inclusion of the notice letter in the mailing which he admittedly received.  The trial court in this case properly allowed a hearing and admitted additional evidence on this question, which from the administrative record alone would have been difficult of determination.  We find no abuse of discretion, however, in the trial court's factual determination that appellant had received notice of the charges against him.

As appellee pointed out in its memorandum opposing appellant's motion to submit supplemental evidence and affidavits on this issue, one can question the probative value of appellant's postal-scale weighing experiments conducted in order to establish that the envelope he received from the board could not have contained the two-page notice of hearing.  The weight of paper, the accuracy of the scale, the identity of the postal worker consulted, and other significant factors which would have contributed to the credibility, or at least probative value of appellant's affidavit in this respect were not established.  We therefore find no abuse of discretion in the trial court's determination that appellant properly received notice of the pending disciplinary proceeding and his opportunity to be heard, and the trial court's determination in this respect will not be disturbed upon appeal.

Having affirmed the trial court's factual determination that appellant received proper notice of the disciplinary proceedings against him and waived his presence at the subsequent license revocation hearing, we consider a remaining question of law, the nature and sufficiency of the hearing accorded to appellant's case by the board. From the administrative record before us, it appears that the board took no sworn testimony and merely considered the matter upon its prior letters and other file materials, noting only that appellant had failed to request a hearing. The board then voted to revoke appellant's license, apparently without any further discussion. The issue is whether, in an instance when a licensee fails to request or appear for a hearing regarding his license revocation, whether the board may then proceed in a summary manner without according the matter any further review or consideration beyond the preliminary investigation up to the revocation date. This is not an issue which calls into question the board's interpretation of the ethical and legal requirements of the professions it regulates, nor one which requires us to substitute our judgment for that of the board and its particular expertise. This issue is a question of law regarding the procedural requirement for a hearing under the statutes governing limited practitioners in Ohio.

No appellate case directly on point has been provided by the parties or located by this court's independent research. The language of R.C. 4731.22(B), which allows the board to take disciplinary action against a licensed limited practitioner "pursuant to an adjudicatory hearing under Chapter 119. of the Revised Code," provides support for appellant's position. A hearing is defined in R.C. 119.01(E) as "a public hearing by any agency in compliance with procedural safeguards afforded by Sections 119.01 to 119.13 of the Revised Code." Appellee argues that the procedure undertaken by the board in this case complies with R.C. Chapter 119, because the pertinent subsections, R.C. 119.06 and 119.07, speak in terms of a "opportunity for hearing" being afforded to the party. Appellee would interpret this to mean that, notice of hearing having been given to the party and waived through non-response, the board has fulfilled its obligation under R.C. Chapter 119 to provide an opportunity for a hearing, and may than proceed in summary manner thereafter. We disagree.

R.C. 119.06 states, "No adjudication order of an agency shall be valid unless the agency is specifically authorized by law to make such order." R.C. 4731.22(B) covers the grounds for discipline of limited practitioners under the board's authority and specifically provides that the board will act "pursuant to an adjudicatory hearing." The fact that the statute provides that such a hearing shall proceed under R.C. Chapter 119 does not permit the board to dilute the requirement for a hearing set forth in R.C. 4731.22 to the level of a simple

opportunity for a hearing which may be omitted entirely if the affected practitioner waives his right to appear.

█ We therefore conclude that the Franklin County Court of Common Pleas erred as a matter of law when it concluded that the decision of the board in this case was supported by reliable, probative and substantial evidence, because the order of the board was the result of a summary proceeding which did not comport with the requirement of a hearing under R.C. 4731.22. From a due process standpoint, something more than reliance on the preliminary investigative reports of the agency must be considered by the board before a license may be revoked such as in this case. The procedural safeguards which would make any hearing meaningful may not require a full adversarial and evidentiary proceeding, but some sort of reliable evidentiary review, including the sworn testimony of the investigator, as well as a more considered review of the circumstances of the case, would be needed to fulfill the requirement for a hearing under R.C. 4731.22.

█ Under the above-stated resolution of this issue, there remains the further question of whether appellant, having waived his appearance before the board through his non-response to the notice of hearing originally issued in this case, may yet appear at further proceedings on remand. The factual conclusion of the court of common pleas was that appellant had proper notice of his opportunity for a hearing, and we decline to disturb that conclusion upon appeal. It would then follow that appellant had concomitantly waived his right to appear at further hearings on this matter and the board may proceed with further adjudication in his absence, so long as it more substantially complies with the procedural safeguards implicit and explicit in R.C. Chapter 119. See *Korn v. Ohio State Med. Bd.* (1988), 61 Ohio App.3d 677, 573 N.E.2d 1100.

In accordance with the foregoing, we find that the Franklin County Court of Common Pleas erred as a matter of law when it found that the board's decision was in accordance with law, because of the absence of a meaningful hearing, even in appellant's absence, on the question of the revocation of his license. Appellant's assignments of error are sustained to the extent outlined above, and the matter is remanded to the Franklin County Court of Common Pleas with instructions to remand the matter to the State Medical Board of Ohio for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

BOWMAN and LAZARUS, JJ., concur.