B & N ENTERPRISES, INC., Appellant,

v.

LIQUOR CONTROL COMMISSION, Appellee,

[Cite as *B & N Ent., Inc. v. Ohio Liquor Control Comm.* (1999), 131 Ohio App.3d 394.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–808.

Decided March 25, 1999.

*Roy E. Hopple,* for appellant.

*Betty D. Montgomery,* Attorney General, and *James M. Guthrie,* Assistant Attorney General, for appellee.

JOHN C. YOUNG, Judge.

Appellant, B & N Enterprises, Inc., appeals from a judgment of the Franklin County Common Pleas Court affirming a decision of the Ohio State Liquor Control Commission ("commission") suspending appellant's liquor permit for thirty days after finding appellant guilty of a violation of Ohio Adm.Code 4301:1–1–49.

According to the investigative report of Liquor Agent William Kohbarger, at approximately 2:40 a.m., on March 8, 1997, he observed four persons enter into appellant's bar empty handed. Appellant owns the Wharf Lounge, in Port Clinton, Ohio. Minutes later, Kohbarger saw the same persons leave the bar carrying two six-pack containers of beer. After being stopped by the Ohio State Highway Patrol, the four persons admitted that they had bought the beer at appellant's bar. Thereafter, at 3:10 a.m., Kohbarger entered appellant's bar and identified himself as a liquor control agent and inquired as to appellant's liquor permit. Kohbarger then issued a violation to appellant regarding the sale of beer after hours, a violation of Ohio Adm.Code 4301:1–1–49. Pursuant to that regulation, a D1, D2, D3, or D3A permit holder such as appellant may not sell beer after 2:30 a.m. This sale was alleged to have occurred at 2:40 a.m.

On August 25, 1997, a notice of hearing was mailed, notifying appellant of the scheduled September 25, 1997 hearing as to the alleged violation. Appellant did not appear before the commission on the day of the hearing. At that hearing, the notice of hearing and a postal return card as well as Kohbarger's investigative report were admitted as evidence. The commission, based upon that evidence alone, found appellant in violation of Ohio Adm.Code 4301:1–1–49 and suspended appellant's liquor permit for thirty days. This order was mailed to appellant on October 3, 1997. Appellant, on October 21, 1997, then filed a motion requesting the commission to reconsider its September 25 decision. Ohio Adm.Code 4301:1–1–65(I). Appellant alleged that through inadvertence and neglect, counsel for appellant was not present at the September 25 hearing. The commission denied this motion by order mailed October 27, 1997. The commission found that the permit holder received the notice of hearing September 3, 1997, and between that day and the day of the hearing, appellant should have contacted counsel regarding the notice.

Appellant, pursuant to R.C. 119.12, appealed the commission's decision to the Franklin County Common Pleas Court. That court affirmed the decision of the commission, finding that the commission's order was supported by reliable, substantial, and probative evidence and was in accordance with the law. Appellant subsequently appealed that decision to this court, setting forth the following assignments of error:

"ASSIGNMENT OF ERROR I

"The [common pleas court] below treated appellant's administrative appeal from a default judgment of the liquor control commission as though the appellant had been tried in absentia and, consequently, failed to find that the default judgment was constitutionally defective because it was based upon inadequate notice to the appellant.

"ASSIGNMENT OF ERROR II

"The [common pleas court] below treated appellant's Civ. R. 60(B) motion filed with the commission against the commission's default judgment as though it were a motion for rehearing before the commission and, consequently, failed to find that the liquor control commission had abused its discretion in not granting relief from judgment to the appellant."

The present appeal comes to this court pursuant to R.C. 119.12, which governs administrative appeals. In an administrative appeal under that section, the common pleas court reviews the agency's order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. R.C. 119.12; *McGee v. Ohio State Bd. of Psychology* (1993), 82 Ohio App.3d 301, 304, 611 N.E.2d 902, 903–904. On further appeal to this court, the standard of review is more limited. In reviewing the common pleas court's determination that the agency's order is or is not supported by reliable, probative and substantial evidence, the appellate court's role is, in part, limited to determining whether the common pleas court abused its discretion. *Id.; Hartzog v. Ohio State Univ.* (1985), 27 Ohio App.3d 214, 216, 27 OBR 254, 255–256, 500 N.E.2d 362, 364–365. On questions of law, the court of appeals' review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus; *In re Raymundo* (1990), 67 Ohio App.3d 262, 265, 586 N.E.2d 1149, 1151.

The only substantive evidence put before the commission at the September 25 hearing was the investigative report of the agent that issued the violation. The report described what the agent witnessed and did the morning of the violation but was not authenticated nor was it sworn to by the agent at the hearing. Moreover, the agent did not even testify at the hearing. In affirming the decision of the commission, the court below noted that this report was unrebutted and, therefore, found reliable, substantial and probative evidence to justify the commission's order.

This court, in reviewing a decision by the State Medical Board to revoke a physician's license, found that the decision was not supported by reliable, probative and substantial evidence when the order of the board "was the result of a summary proceeding which did not comport with the requirement of a hearing under R.C. 4731.22." *Goldman v. State Med. Bd. of Ohio* (1996), 110 Ohio App.3d 124, 129, 673 N.E.2d 677, 680. The court went on to decide that "[f]rom a due process standpoint, something more than reliance on the preliminary investigative reports of the agency *must* be considered by the board before a license may be revoked such as in this case. The procedural safeguards that would make any hearing meaningful may not require a full adversarial and evidentiary proceeding, but some sort of reliable evidentiary review, *including the sworn testimony of the investigator,* as well as a more considered review of the circumstances of the

case, would be needed to fulfill the requirement for a hearing under R.C. 4731.22." (Emphasis added.) *Id.* at 129, 673 N.E.2d at 680. A hearing may not fall "to the level of a simple opportunity for a hearing which may be omitted entirely if the [appellant] waives his right to appear." *Id.* at 128–129, 673 N.E.2d at 680.

More is required of the commission than simply providing an opportunity for a hearing. The same requirements we found to be lacking in *Goldman* should also apply to the hearing before the commission in this case. Pursuant to R.C. 4301.04(B), the commission "shall accord a hearing to any person appealing or complained against." Under *Goldman,* such a hearing must include more than only an unsworn investigative report of the agent that issued the violation in question. In this case, the commission simply accepted the unsworn report of the agent without considering any other evidence. We, therefore, conclude that the commission's decision suspending appellant's liquor permit was not supported by reliable, substantial, and probative evidence.

Given the resolution of this appeal, there remains the question of whether appellant may appear at the hearing upon remand. In *Goldman,* the common pleas court found that proper service had been issued to appellant and this court would not reverse that conclusion on appeal. Therefore, we found that appellant had waived the right to be present at the hearing upon remand. *Id.* at 129, 673 N.E.2d at 680. Similarly, the common pleas court herein found that the permit holder had been properly served with notice on September 3 and did not appear at the hearing. The notice was mailed to the permit holder's business address. Therefore, failing to appear at the original hearing after receiving notice, appellant has waived his right to appear at further proceedings in this matter. The commission may proceed with the further proceedings in appellant's absence.

In accordance with the foregoing, we find that the Franklin County Court of Common Pleas erred as a matter of law when it found that the commission's decision was in accordance with law, because of the absence of a meaningful hearing, even in appellant's absence, on the question of suspension of his permit. The matter is remanded to the Franklin County Court of Common Pleas with instructions to remand the matter to the commission for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and TYACK, JJ., concur.

JOHN C. YOUNG, J., retired, of the Tenth Appellate District, sitting by assignment.