DECISION
{¶ 1} Appellant, Enitnel, Inc., appeals a judgment of the Franklin County Court of Common Pleas, affirming an order of appellee, the Ohio State Liquor Control Commission ("commission"), revoking appellant's D1, D2, D3, and D3A permits to serve liquor in its establishment known as the Pourhouse Sports Bar in Youngstown, Ohio.
 {¶ 2} The revocation of appellant's permits arose, in part, out of the events of October 13, 2000, when an underage confidential police informant entered the premises and purchased beer from the bartender, Denise Patterson. When two Youngstown police officers who had accompanied the informant cited Patterson, bar manager Steve Cheff approached the officers and interfered. Patterson was charged with selling beer to a person under the age of 21, in violation of R.C. 4301.69, while Cheff was charged with obstructing or hindering a liquor inspection, in violation of R.C. 4301.66. Both Patterson and Cheff pleaded no contest to these charges in the Youngstown Municipal Court, although Patterson's plea was to an amended charge under R.C. 4301.22.
 {¶ 3} Based upon these convictions, appellant was charged with two violations of R.C. 4301.25(A)(1), which grants authority to the commission to suspend or revoke any liquor permit upon a conviction of the holder's agent or employee for violation of a section of Chapters 4301 or 4303 of the Revised Code. In June 2001, the commission held a hearing on these charges. Appellant did not appear at the hearing, although the commission entered a denial on appellant's behalf.
 {¶ 4} During the hearing before the commission, Derrick Roberts, a liquor enforcement agent for the Ohio Department of Public Service, Division of Liquor Control ("department"), identified a certified copy of the record of the convictions from the Youngstown Municipal Court, and also identified the investigator's report and the police report. Evidence was also presented that appellant had sold liquor to underage persons on three prior occasions. Based upon this evidence, the commission ordered the revocation of appellant's license.
 {¶ 5} Appellant then appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. In its March 2002 decision, the court rejected appellant's assertions that the conviction for selling liquor to an underage person was subject to the defense of entrapment, that the report of the investigator was unsworn and the records of the Youngstown Municipal Court uncertified, and that there was no evidence in the record that Patterson and Cheff were acting as an employee or agent of appellant at the time of the sale. The court thus upheld the commission's revocation of the liquor permits.
 {¶ 6} Appellant now alleges the following as error:
 {¶ 7} "ASSIGNMENT OF ERROR NO. 1:
 {¶ 8} "The Common Pleas Court erred and/or abused its discretion by not finding that the revocation of Appellant's liquor permit was based upon the improper use of entrapment to obtain a conviction used as the basis for revocation of Appellant's Liquor Permit and accordingly/or that the decision of the Liquor Control Commission was not based upon or supported by reliable, substantial, and/or probative evidence.
 {¶ 9} "ASSIGNMENT OF ERROR NO. 2:
 {¶ 10} "The Court of Common Pleas erred and/or abused its discretion by failing to find that the Liquor Commission abused its discretion and erred to the prejudice of the Appellant by basing its decision and revocation of Appellant's Liquor Permits solely on the unsworn report of the Investigator and uncertified records of the Youngstown Municipal Court and accordingly/or that the decision of the Liquor Commission was not based upon or supported by substantial, reliable and probative evidence.
 {¶ 11} "ASSIGNMENT OF ERROR NO. 3:
 {¶ 12} "The Common Pleas Court erred when it failed to find that the Liquor Commission abused its discretion and erred to the Prejudice of the Appellant by disregarding evidence, thus failing to consider the entire record as R.C. 119.12 mandates and accordingly/or that the decision of the Liquor Control Commission was not based upon or supported by reliable, substantial, and probative evidence."
 {¶ 13} R.C. 119.12 sets forth the standard of review to be applied by the trial court in deciding an administrative appeal. Under that standard, the court may affirm the order of the agency if it finds, based upon consideration of the entire record and additional evidence submitted to the court, "that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." On an appeal from the court of common pleas' review of the agency's order, our review, as an appellate court, is more limited and is restricted to a determination of whether the trial court abused its discretion. Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261.
 {¶ 14} Appellant's first assignment of error charges that the convictions providing the basis for the revocation of the liquor permits were subject to the defense of entrapment, and that because Patterson and Cheff were induced into committing the offenses, the revocation of the permit was fatally flawed. The trial court rejected this argument on the grounds that the defense was neither raised by Patterson and Cheff during their criminal proceedings nor raised by appellant during the hearing before the commission. We agree with the trial court that appellant has waived any opportunity to present this defense on appeal. The arguments set forth in this assignment of error were rejected by this court under similar facts in UDF Limited Partnership II v. Ohio Liquor Control Comm. (Nov. 16, 1999), Franklin App. No. 98AP-1561, in which we stated that even if entrapment could be a defense at the commission hearing, appellant had failed to raise the defense, and thus had waived it. In addition, we found that the appellant had not fulfilled the elements of entrapment, because the appellant had not presented evidence establishing it was induced into committing an act it would not otherwise have committed. Finally, we stated that the acts of a law enforcement entity in sending underage persons to purchase alcoholic beverages does not rise to the level of entrapment because the police officer "merely provides an opportunity for another to commit a crime." Id., citing Luttgens, Inc. v. Ohio Liquor Control Comm. (May 4, 1976), Franklin App. No. 76AP-311. Finding that the trial court did not abuse its discretion in rejecting appellant's entrapment argument, we overrule appellant's first assignment of error.
 {¶ 15} Appellant's second assignment of error questions the validity of the evidence forming the basis for the commission's decision. According to appellant:
 {¶ 16} "* * * It is required by law that proof of conviction of a permit holder or his agent or employee be proven by a certified copy of the Judgment Entry finding the alleged permit holder or his agent or employee guilty of a violation of Chapter 41 or 43 of the Ohio Revised Code or of a felony. In the instant case the record is completely void of any such certified copy of any Judgment Entry finding the accused D. Patterson and/or Steve Cheff guilty of any violation of Chapter 41 or 43 of the Ohio Revised Code or of a felony. * * *" (Appellant's brief at 10.)
 {¶ 17} In support of this claim, appellant relies upon this court's decisions in B N Ent., Inc. v. Ohio Liquor Control Comm. (1999), 131 Ohio App.3d 394, and Goldman v. State Med. Bd. of Ohio (1996), 110 Ohio App.3d 124, both cases in which we found that, in order to be meaningful, an administrative hearing must consist of more than a summary review of a preliminary investigation, but, instead, must comprise "some sort of reliable evidentiary review, including the sworn testimony of the investigator, as well as a more considered review of the circumstances of the case." Id. at 129. In B N, this principle was addressed in the direct context of a liquor control case, and we stated: "such a hearing must include more than only an unsworn investigative report of the agent that issued the violation in question." Id. at 398. In B N, the commission accepted the unsworn report of the agent without considering any other evidence, causing this court to conclude that the commission's decision suspending appellant's liquor permits was not supported by reliable, substantial, and probative evidence.
 {¶ 18} The issue of what constitutes sufficient evidence during a commission hearing has been addressed most recently in Felice's Main Street, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 01AP-1405, 2002-Ohio-5962. In that case, we distinguished Goldman and B N on the grounds that in those cases there was no meaningful hearing, while under the facts in Felice's, there was a meaningful hearing in which sworn testimony was presented. In Felice's, the issue was whether the admission of hearsay evidence during the hearing was fatal to the commission's decision to revoke the liquor license. We concluded that the hearsay issue could have been raised in the hearing before the commission but was not, and so was waived. We also found that the more relaxed approach to the rules of evidence during administrative hearings might permit introduction of the objectionable material even if it would otherwise be excluded on hearsay grounds. Finally, we held that there was nothing inherently unreliable about the reports in question, and because they bore "significant indicia of trustworthiness" they could constitute reliable, probative, and substantial evidence supporting an order of the commission.
 {¶ 19} In the case at bar, appellant claims the record is devoid of documents complying with R.C. Chapter 2317 or Evid.R. 803, which establish the convictions of Patterson and Cheff. Thus, appellant argues the commission did not have before it reliable, probative, and substantial evidence supporting the revocation of the permits. In addressing this question, the trial court determined that the record, by including a certification by the deputy clerk of the Youngstown Municipal Court that "this is a correct copy of the original Complaint 
Disposition," and by including a violation notice and a printout of the disposition of the two criminal cases, sufficiently complied with the requirement of proof of the convictions. The court found that the documents constituted a "certified copy" and were "self-authenticating under Rule 902 of the Ohio Rules of Evidence" and, in addition, that agent Roberts properly identified these documents during the hearing before the commission.
 {¶ 20} We agree with the trial court that these documents were adequate, and that even if the documents constituted hearsay evidence, our holding in Felice's suggests that their introduction was not erroneous. Moreover, appellant's failure to appear and object to their introduction at the hearing before the commission arguably waives appellant's objection on appeal. See Felice's, supra; D. Michael Smith Enterprises, Inc. v. Ohio Liquor Control Comm. (Oct. 29, 1997), Summit App. No. 18332, discretionary appeal not allowed (1998), 81 Ohio St.3d 1453. We therefore overrule appellant's second assignment of error.
 {¶ 21} Appellant's third assignment of error raises an issue relative to the finding that Patterson and Cheff were employees and/or agents of appellant. According to appellant, because there was no testimony or other evidence presented to the commission in support of this prerequisite to a finding of a violation, the revocation is invalid. In support, appellant relies upon this court's decision in Spencer v. Ohio Liquor Control Comm. (Sept. 18, 2001), Franklin App. No. 01AP-147, in which we affirmed a finding by the common pleas court that the department had not presented sufficient evidence establishing an employee or agent relationship between the persons directly charged with the violation and the permit holder. In that case, the department had presented only three documents when making its case during the hearing before the commission: the notice of hearing, the card indicating the permit holder's receipt of the notice of hearing, and the sentencing entry from the relevant municipal court sentencing Ferguson, the purported employee, for the violation of R.C. 4301.22(B). We concluded this evidence was insufficient to establish the requisite employee or agent relationship:
 {¶ 22} "Assuming, then, the conviction from the [municipal court] is admissible, the department proved Ferguson, as an agent or employee of a permit holder, sold intoxicating liquor to an intoxicated person in violation of R.C. 4301.22(B). The commission, however, did not establish that Ferguson was acting as an agent or employee of [the permit holder] at the time of the sale, as the document in the record does not specify on whose behalf Ferguson sold the liquor. * * *" Id.
 {¶ 23} Thus, in Spencer, the department was attempting to gain a revocation of the permit based solely upon documentation of the conviction for the sale of alcohol, rather than based upon evidence of the sale itself, and because the conviction evidence did not tie the offenders to the permit holder, the evidence was insufficient.
 {¶ 24} In contrast to the facts in Spencer, the record in the case at bar contains several documents linking Patterson and Cheff to appellant, demonstrating that they were acting as employees or agents of appellant at the time of the offenses. Most significant of these are the arrest reports, in which arresting officers Paul Brown and Sam Mosca of the Youngstown Police Department made the following remarks:
 {¶ 25} "Car #505, Officers S. Mosca/P. Brown at the above date and time met with and used the services of an undercover cooperating witness for the purpose of attempting to make an undercover buy of alcohol due to numerous complaints. At approximately 2134 hours, Officers sent the 19 year old C.W. into the above mentioned location with buy money. Approximately three (3) minutes later, the Officers entered said location to find that the cooperating witness was seated at the bar possessing a 12 oz. bottle of Coor's Light Beer. At this time, the Officers approached the C.W., and asked for identification as a means to ensure the C.W.'s confidentiality. The Officers confiscated from the C.W. a 12 ounce bottle of Coor's Light Alcohol Beer. The C.W. then identified the subject who sold the beer to the C.W. The Officers identified themselves a[s] Police Officers, and identified the subject as the above named docket. The subject was advised of the violation, and also advised of their rights. The subject was subsequently placed under arrest, and in lieu of transporting the subject to the Mahoning County Jail, was issued MS#65575 pending the 10/16/00 court date. As Officer Mosca was completing the MS Summons #67256 for Suspect Patterson, a M/W subject identified as suspect S. Cheff, approached Officers and stated that he is the Bar Manager. Officers identified themselves as Vice Officers to Cheff and advised him that his Bartender was being arrested for selling alcohol to an underage person. Cheff then asked to see Officers Search Warrant for the Bar. Officers advised Cheff that Ohio Law does not require a Law Enforcement Officer to have a Search Warrant for such an investigation. * * *"
 {¶ 26} Clearly, from this report, Patterson sold the informant the beer, Cheff identified himself as the bar manager, and there is nothing to suggest Cheff denied that Patterson was an employee when officers explained why they were citing Patterson. "The commission is permitted to draw reasonable inferences based on the evidence before it." VFW Post 8586 v. Ohio Liquor Control Comm. (1998), 83 Ohio St.3d 79, 82. Moreover, "a permit holder may not structure its business in a manner that insulates the permit holder from responsibility for liquor control violations occurring on the permit premises." Digrat, Inc. v. Ohio Liquor Control Comm. (Dec. 27, 2001), Franklin App. No. 01AP-391, citing Insight Enterprises, Inc. v. Ohio Liquor Control Comm. (1993), 87 Ohio App.3d 692,697. Where there is sufficient evidence in the record suggesting a person charged with a violation was acting as an agent or employee of the permit holder, the fact that the evidence may be circumstantial, rather than direct, is irrelevant. Digrat, supra.
 {¶ 27} Patterson and Cheff never denied that they were acting as employees or agents of appellant at the time of the sale to the underage informant, nor did they deny this during their criminal proceedings. Cheff personally signed a document indicating that personal service of the notice of hearing was made upon him as the permit holder or employee. This argument was not raised before the commission. Based upon these factors, the trial court did not abuse its discretion in finding there was sufficient evidence before the commission that Patterson and Cheff were acting as employees or agents of appellant, and so we overrule appellant's third assignment of error.
 {¶ 28} Based upon all the foregoing, the trial court did not abuse its discretion in concluding the revocation by the commission was supported by reliable, probative, and substantial evidence. Appellant's first, second and third assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and KLATT, JJ., concur.