DECISION
{¶ 1} Appellant, Dave's Drive Thru, Inc., appeals from a judgment of the Franklin County Court of Common Pleas that affirmed the decision of appellee, the Ohio Liquor Control Commission, revoking appellant's liquor permit and sets forth the following assignment of error:
The Franklin County Common Pleas Court Abused Its Discretion In Finding The Ohio Liquor Commission's Order Was Supported By Reliable, Probative And Substantial Evidence And Is In Accordance With Law.
 {¶ 2} On March 11, 2002, a notice was sent to appellant that a hearing would be held by appellee to determine whether to suspend, revoke or forfeit appellant's liquor permit. The notice alleged that two of appellant's employees sold alcohol to an underage individual. The matter was set for hearing at 9:00 and appellant's case was called at 10:04. No one appeared on behalf of the permit holder. The state presented the testimony of four Cleveland police detectives who swore to the accuracy of the facts in the investigative reports. Those reports disclosed that the police and agents of the Ohio Department of Public Safety gave George Simms, age 19, a marked $20 bill and two employees of appellant's sold him a six pack of beer, in violation of R.C. 4301.69(A). The commission found the state had proved the violation and, based on numerous past violations by appellant including underage sales, voted to revoke the permit.
 {¶ 3} Appellant's attorney eventually appeared and was informed that the case had been decided. Appellant's request for re-hearing was denied by the commission because "[w]hat happened here is simple, the permit holder's representative failed to appear on time and was late on their own accord, not because of any unavoidable casualty or misfortune."
 {¶ 4} In its sole assignment of error, appellant does not contest the underlying facts which led to the revocation of its liquor permit, but argues it was not provided with a meaningful hearing as required by R.C. 4301.04(B), 4301.27 and Goldman v. State Med. Bd. of Ohio (1996),110 Ohio App.3d 124.
 {¶ 5} In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108.
 {¶ 6} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985),27 Ohio App.3d 214. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339.
 {¶ 7} R.C. 4301.04(B) provides:
(B) * * * The liquor control commission shall accord a hearing to any person appealing or complained against, at which such person has the right to be present, to be represented by counsel, to offer evidence, and to require the attendance of witnesses.
 {¶ 8} R.C. 4301.27 provides:
The liquor control commission may revoke or cancel any permit on its own initiative or on complaint of the division of liquor control or of any person, after a hearing at which the holder shall be given an opportunity to be heard in such manner and upon such notice as prescribed by the rules of the commission.
 {¶ 9} In Goldman, this court stated, at 129:
* * * The procedural safeguards which would make any hearing meaningful may not require a full adversarial and evidentiary proceeding, but some sort of reliable evidentiary review, including the sworn testimony of the investigator, as well as a more considered review of the circumstances of the case, would be needed to fulfill the requirement for a hearing under R.C. 4731.22.
 {¶ 10} The affidavit of appellant's former counsel admits he received the notice as to the date, time and place of the hearing, that he arrived at least one hour late and offers absolutely no explanation for the delay. The record is clear that appellant was provided with all the procedural due process required and simply failed to avail itself of the hearing opportunity presented as a result of his former counsel's cavalier attitude toward the commission and its docket. Because the trial court correctly found that the decision of the commission was supported by reliable, probative and substantial evidence and was in accordance with law, the trial court did not err in affirming that decision. Appellant's assignment of error is overruled.
 {¶ 11} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas Court is affirmed.
Judgment affirmed.
PETREE, P.J., and LAZARUS, J., concur.