OPINION
{¶ 1} Appellant, 1800 Riverhouse, Inc., appeals from a judgment of the Franklin County Court of Common Pleas that affirmed an order of appellee, the Ohio Liquor Control Commission ("commission"), revoking appellant's liquor permit. For the reasons that follow, we affirm that judgment.
 {¶ 2} Appellant possessed a D2, 2X, 3 and 3A liquor permit in connection with its operation of Club Aqua, a dance club in Cleveland, Ohio. Detectives from the Cleveland Police Department's Vice Unit conducted an investigation of appellant's permit premises because of suspected drug use by patrons and drug sales and use by the club's disc jockey ("DJ"). On February 12, 2000, after the detectives made several ecstasy-related arrests of the club's patrons, a detective approached the DJ and asked him for identification. The DJ removed a bag from his pocket and threw it to the floor with one hand while giving the detective his identification with the other hand The detective recovered the bag and arrested the DJ. The contents of the bag later tested positive for cocaine. The DJ ultimately pled guilty to possession of cocaine in the Cuyahoga County Court of Common Pleas.
 {¶ 3} Based upon the Cleveland Police Department's investigation, the Ohio Department of Public Safety, Division of Liquor Control, issued appellant a violation notice. The violation notice alleged that appellant or its employee violated Ohio Adm. Code 4301:1-1-52 ("Rule 52") by allowing the possession of cocaine on the premises. Without a meaningful hearing, the commission determined that appellant violated Rule 52 and revoked its liquor permit. The Franklin County Court of Common Pleas reversed that determination and instructed the commission to hold a meaningful hearing in this matter.
 {¶ 4} On remand, the commission held a hearing and heard testimony from the detective who arrested the DJ as well as testimony from witnesses presented by appellant. The commission also admitted into evidence, over appellant's objection, a laboratory report from the Cleveland Police Department indicating that the contents of the bag the DJ threw to the ground tested positive for cocaine. By an order dated April 9, 2002, the commission determined that appellant violated Rule 52 and again revoked its liquor permit. Appellant appealed the commission's order to the Franklin County Court of Common Pleas. That court determined that the commission provided appellant with a meaningful hearing even though it improperly admitted and considered the laboratory report. The court also determined that the commission's order was supported by reliable, probative, and substantial evidence and was in accordance with law. Accordingly, the trial court affirmed the commission's order.
 {¶ 5} Appellant appeals, assigning the following errors:
I. The trial court erred and/or abused its discretion in finding that although the liquor control commission failed to comply with the procedural safeguards of O.A.C. 4301, plaintiff was still afforded a meaningful administra-tive hearing.
II. The trial court erred and/or abused its discretion in considering improper evidence and in finding that the order by the liquor control commission revoking appellant's liquor permit was supported by reliable, probative, and substantial evidence.
 {¶ 6} Appellant also filed the following supplemental assignment of error:
The trial ocurt [sic] erred in affirming the commission's revocation based upon ohio administrative code 4301:1-1-52(B)(7) which has been declared unconstitutional.
 {¶ 7} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87. Reliable, probative and substantial evidence has been defined as follows:
* * * (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571.
 {¶ 8} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford ExemptedVillage School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 343.
 {¶ 9} Appellant contends in its first assignment of error that it was deprived of a meaningful hearing because the commission admitted into evidence the Cleveland Police Department's laboratory report that did not comply with Ohio Adm. Code 4301:1-1-38 ("Rule 38"). We disagree.
 {¶ 10} The use of chemical analysis affidavits is governed by Rule 38, which provides, in pertinent part:
(A) In any hearing before the liquor control commission, a laboratory report from the Ohio department of public safety, the bureau of criminal identification and investigation, a laboratory operated by another law enforcement agency, * * * and signed by the persons performing the analysis, stating the substance which is the basis of the alleged offense has been analyzed and stating findings as to the contents, identity and other characteristics of the substance or alcohol is prima facie evidence of the content, identity, other characteristics, and chemical analysis of the substance.
Attached to the report shall be a copy of a notarized statement by the signer of the report giving the name of the signer and stating that he is an employee of the laboratory issuing the report and that performing the analysis is part of his regular duties and giving an outline of his education, training, and experience in performing analysis of material included under this rule. The signer shall attest that scientifically accepted tests were performed with due caution, and that the evidence was handled in accordance with established and accepted procedures while in the custody of the laboratory.
 {¶ 11} At appellant's hearing, Detective Bernard Norman of the Cleveland Police Department's Vice Unit presented a copy of a laboratory report from the Cleveland Police Department's forensic lab. That laboratory report indicated that the substance in the bag recovered that night from the DJ tested positive for cocaine. However, the report was not signed by the person who performed the analysis and the report was not accompanied by an affidavit complying with Rule 38. Nevertheless, the commission admitted and considered the report over appellant's objections.
 {¶ 12} The trial court determined that the commission improperly admitted and considered the laboratory report because it did not comply with Rule 38. Although we agree that the report did not comply with Rule 38, we do not agree that the commission improperly admitted and considered the report. The requirements in Rule 38 are prerequisites for a chemical analysis report to be considered as prima facie evidence of the chemical makeup of the substance. See D. Michael Smith Enterprises, Inc. v. Ohio LiquorControl Comm. (Oct. 29, 1997), Summit App. No. 18332. The failure to comply with those requirements prohibits the report from being considered prima facie evidence of the chemical makeup of the substance. It does not prohibit the admission of the report itself and the commission's consideration of that report. Id. Therefore, the commission did not err in admitting and considering the laboratory report even though the report did not meet the requirements of Rule 38.
 {¶ 13} Even assuming that the commission erred in admitting and considering the laboratory report, appellant still received a meaningful hearing. This court has determined that a permit holder is entitled to a meaningful hearing before the commission revokes a liquor permit. B N Ent., Inc. v. Ohio Liquor ControlComm. (1999), 131 Ohio App.3d 394, 397-398. In order to be meaningful, an administrative hearing must consist of more than a summary review of a preliminary investigation but, instead, must include "some sort of reliable evidentiary review, including the sworn testimony of the investigator, as well as a more considered review of the circumstances of the case." Goldman v. State Med.Bd. of Ohio (1996), 110 Ohio App.3d 124, 129; B N, supra. Both of these cases criticized the revocation of licenses in the absence of a meaningful hearing.
 {¶ 14} In the case at bar, the commission held a meaningful hearing. First, the erroneous admission of evidence alone does not render a hearing meaningless. Felice's Main Street, Inc. v.Ohio Liquor Control Comm., Franklin App. No. 01AP-1405, 2002-Ohio-5962, at ¶ 14. Second, the hearing in the present case is markedly different than the hearings at issue in Goldman andB N. In Goldman, there was no hearing at all. In B N,
the commission purported to hold a hearing but heard no witness testimony. In the present case, the commission held a hearing in which the investigating detective testified under oath and exhibits were presented to the commission. Appellant cross-examined the detective and presented its own witnesses. The commission took the matter under consideration and did not act in a summary fashion. Therefore, unlike Goldman and B N, the commission held a meaningful hearing in this case. See, also,Felice's Main Street, supra. Because the commission's admission and consideration of the laboratory report, even if erroneous, did not render the hearing meaningless, appellant's first assignment of error is overruled.
 {¶ 15} Appellant contends in its second assignment of error that the commission's order was not supported by reliable, probative, and substantial evidence. In essence, appellant contends there was no evidence to support the commission's order other than the laboratory report. We disagree.
 {¶ 16} Even if we disregard the laboratory report, Detective Norman testified about the events of February 12, 2000. After learning in his investigation that appellant's DJ may have been using and selling drugs at the club, he approached the DJ and asked him for identification. The DJ then pulled a bag out of his pocket and threw it to the ground with one hand while he gave his ID to Detective Norman with the other hand The bag was recovered and Detective Norman testified that the substance in the bag tested positive for cocaine. Detective Norman also testified that he was in the courtroom when the DJ pled guilty to possession of cocaine in the Cuyahoga County Court of Common Pleas in connection with this incident. Appellant did not object to any of the detective's testimony.
 {¶ 17} Detective Norman's testimony, standing alone, was reliable, probative, and substantial evidence to support the commission's determination that the DJ possessed cocaine on appellant's premises in violation of Rule 52. Accordingly, the trial court did not abuse its discretion when it determined that reliable, probative, and substantial evidence supported the commission's order.
 {¶ 18} Appellant also contends in this assignment of error that the violation did not warrant revocation of its liquor permit. However, once the commission determined that appellant violated Rule 52, it was authorized to sanction appellant as permitted by R.C. 4301.25(A). That section authorizes the commission to suspend or revoke appellant's liquor permit. The commission chose to revoke appellant's liquor permit. Although the commission's decision seems harsh, this court may not modify an authorized sanction if the decision is supported by reliable, probative, and substantial evidence. Henry's Café, Inc. v. Bd.of Liquor Control (1959), 170 Ohio St. 233; Belcher v. OhioState Racing Comm., Franklin App. No. 02AP-998, 2003-Ohio-2187, at ¶ 19. Appellant's violation of Rule 52 was proven by reliable, probative, and substantial evidence and the sanction imposed by the commission was authorized by R.C. 4301.25(A). Therefore, we cannot modify the commission's sanction. Appellant's second assignment of error is overruled.
 {¶ 19} Appellant contends in its supplemental assignment of error that the commission revoked its liquor permit based on a section of Rule 52 that has been declared unconstitutional. However, appellant failed to raise this argument in the trial court. It is well-settled that this court will not consider a constitutional challenge not presented to the trial court. Statev. Nields (2001), 93 Ohio St.3d 6, 40; TTT, Inc. v. Ohio LiquorControl Comm., Franklin App. No. 02AP-564, 2002-Ohio-6961, at ¶ 15. Furthermore, the conduct at issue here also violated another section of Rule 52 that has not been declared unconstitutional. See Rule 52(B)(4). That section specifically prohibits an employee from possessing, among other items, any drug, controlled substance or narcotic. Accordingly, appellant's supplemental assignment of error is overruled.
 {¶ 20} In conclusion, having overruled all of appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and Watson, JJ., concur.