DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Robert Tipton, appeals from the judgment of the Summit County Court of Common Pleas that affirmed the decision of the Board of Building Appeals of the State of Ohio (BBA). We affirm.
 I. {¶ 2} Mr. Tipton is the owner of the Miller Hotel located at 1226 Highbrook Avenue, in Akron, Ohio. On April 16, 2004, the Ohio Department of Commerce, State Fire Marshal Division, issued a citation to Mr. Tipton. The citation, sent through certified mail with return receipt requested, was for numerous statutory violations at the Miller Hotel. The citation also notified Mr. Tipton of his right to a hearing before the BBA upon a written request of such a hearing within 30 days after receipt of the citation; the letter stated that in the absence of such a request, the Fire Marshal could take further appropriate legal action. The certified return receipt indicated delivery on April 18, 2004, but possessed no signature. Mr. Tipton never requested a hearing.
 {¶ 3} Thereafter, the Fire Marshal Division requested aGoldman hearing before the BBA, see Goldman v. State Med. Bd.of Ohio (1996), 110 Ohio App.3d 124, and notice of this hearing was sent to Mr. Tipton in a letter dated June 4, 2004. The letter noted that Mr. Tipton was not permitted to offer evidence or argument on his own behalf because he failed to request a hearing, but that the hearing was open to the public.
 {¶ 4} The hearing was held on September 10, 2004. At the hearing, the State Fire Marshal withdrew eight of the violations listed in the citation because Mr. Tipton had corrected the violations prior to the hearing. Mr. Tipton attended the hearing as a spectator, and the BBA allowed him to make a short statement. In a written decision following the hearing, the BBA upheld a number of items in the original citation that Mr. Tipton had not corrected.
 {¶ 5} Subsequently, Mr. Tipton filed a notice of administrative appeal to the Summit County Court of Common Pleas pursuant to R.C. 3737.43 and R.C. 119.12. On May 5, 2005, the common pleas court affirmed the decision of the BBA. This appeal followed.
 {¶ 6} Mr. Tipton timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"APPELLANT WAS DENIED DUE PROCESS IN VIOLATION OF THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO AND THE STATUTES OF THE OHIO REVISED CODE WHEN HE WAS DENIED THE OPPORTUNITY TO EXAMINE THE WITNESSSES FOR AND AGAINST HIM AND TO PRESENT EVIDENCE AT THE ADJUDICATORY HEARING IN FRONT OF THE BOARD OF BUILDING APPEALS."
 {¶ 7} In his sole assignment of error, Mr. Tipton maintains, as he did before the common pleas court, that he was denied due process of law when he did not have the opportunity to present evidence or examine witnesses at the adjudicatory hearing before the BBA. He contends that the common pleas court erred when it determined that he had waived the opportunity raise this challenge. In his argument in support of this assignment of error, Mr. Tipton also raises challenges with respect to the notice that the BBA mailed regarding the hearing.
 {¶ 8} Mr. Tipton was present at the adjudicatory hearing as a spectator, the BBA did provide him with an opportunity to make a short statement, and Mr. Tipton took advantage of that opportunity. However, we observe, as the trial court did in its judgment, that at no time during the proceedings before the BBA did Mr. Tipton raise an objection regarding notice of his statutory rights to a hearing. The failure to raise an issue before an administrative board operates as a waiver of that issue later in the appeal process. See Estlock v. Bd. of Zoning Bldg. Appeals, 9th Dist. No. 21409, 2003-Ohio-4634, at ¶ 8. Therefore, we find that the common pleas court did not err when it concluded that Mr. Tipton's objection at the common pleas court level was waived, and therefore, we overrule Mr. Tipton's sole assignment of error.
 III. {¶ 9} Mr. Tipton's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Moore, J. Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)