OPINION
{¶ 1} Appellant, 1609 Gilsey Investments, Inc., which does business as "Gebhardt's Superette," appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the Ohio Liquor Control Commission ("commission") revoking appellant's liquor permits. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On August 24, 2006, the Ohio Department of Public Safety ("ODPS") conducted an investigation at Gebhardt's Superette. As a result of the investigation, a hearing notice was issued to appellant, which alleged the following three violations:
 Violation #1
 On or about August 24, 2006, your permit premises were in an insanitary condition, to wit, FIXTURES, EQUIPMENT, TABLES, COUNTERS, COOLERS/REFRIGERATORS, OR UTENSILS NOT CLEAN OR SANITARY, in violation of Section 4301:1-1-17 of the Ohio Administrative Code.
 Violation #2
 On or about August 24, 2006, you and/or your agent and/or employee(s) IBRAHIM HASSAN SALEH, and/or your unidentified agent and/or employee did knowingly and/or willfully allow in and upon or about the permit premises improper conduct in that you and/or your agent and/or employee(s) IBRAHIM HASSAN SALEH, and/or your unidentified agent and/or employee did allow Improper Conduct, to wit: DRUG POSSESSION (MARIJUANA) — in violation of 4301:1-1-52(B)(5), a regulation of the Ohio Liquor Control Commission.
 Violation #3
 On or about August 24, 2006, you and/or your agent and/or employee(s) IBRAHIM HASSAN SALEH, and/or your unidentified agent and/or employee did knowingly and/or willfully allow in and upon or about the permit premises improper conduct in that you and/or your agent and/or employee(s) IBRAHIM HASSAN SALEH, and/or your unidentified agent and/or employee did allow Improper Conduct, to wit: THEFT OFFENSE — in violation of 4301:1-1-52(B)(1), a regulation of the Ohio Liquor Control Commission.
 {¶ 3} On March 14, 2007, a hearing was held before the commission on the matter. No person appeared on behalf of appellant at the hearing. An ODPS agent testified that the investigative report, which was presented to the commission and was *Page 3 
completed in connection with the August 2006 investigation of Gebhardt's Superette, was kept and maintained as a business record by ODPS. The ODPS agent who prepared the report did not testify. On March 27, 2007, the commission mailed its order finding that appellant committed the violations as alleged in the notice of hearing, and revoking appellant's liquor permits on the basis of those violations.
 {¶ 4} On April 10, 2007, and pursuant to Ohio Adm. Code 4301:1-1-65(I), appellant filed a motion for reconsideration with the commission. In said motion, appellant requested the commission to reconsider the penalty of revocation in the matter. In support, appellant asserted that he was not represented by counsel at the March 14, 2007 hearing, that the president of appellant was accepting responsibility for not appearing at the hearing, and that the president would take necessary and appropriate steps to remedy problems at the place of business. Appellant attached an affidavit of Ahed Ali, the manager of Gebhardt's Superette, which included statements that the affiant was unaware that Mr. Saleh was in possession of marijuana at any time he was on the permit premises, that Mr. Saleh's employment with appellant has been terminated, that "[a]ll portions of the permit premises were cleaned and presently are in a sanitary condition," and that the items for sale in Gebhardt's Superette "have been purchased from the manufacturer or an authorized dealer for resale." (April 10, 2007 Affidavit of Ahed Ali.) The commission denied the motion for reconsideration.
 {¶ 5} Appellant appealed to the trial court. In its brief before the trial court, appellant alleged that the record lacked any reliable, probative, and substantial evidence to establish that any items in Gebhardt's Superette were present as the result of a theft offense as alleged in "Violation #3." Additionally, appellant argued that because one of *Page 4 
the violations was unsupported by the record, the penalty imposed should be modified. The trial court rejected appellant's arguments and affirmed the order of the commission revoking appellant's liquor permits.
 {¶ 6} Appellant appeals to this court from the trial court's judgment and sets forth the following assignment of error for our review:
 THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN AFFIRMING THE ORDER OF THE LIQUOR CONTROL COMMISSION, IN THAT THE ORDER IS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE, AND IS NOT IN ACCORDANCE WITH LAW.
 {¶ 7} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280. Reliable, probative, and substantial evidence has been defined as follows:
 (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true.
 (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue.
 (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571.
 {¶ 8} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative *Page 5 
character of the evidence, and the weight thereof.'" Lies v. OhioVeterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quotingAndrews, at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive.Conrad, at 111.
 {¶ 9} An appellate court's review of an administrative decision is more limited than that of a common pleas court; it is limited to a determination of whether the trial court abused its discretion. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. An appellate court does, however, have plenary review of questions of law. Chirila v. OhioState Chiropractic Bd. (2001), 145 Ohio App.3d 589, 592, citingSteinfels v. Ohio Dept. of Commerce, Div. of Securities (1998),129 Ohio App.3d 800, 803.
 {¶ 10} Errors which are not brought to the attention of the administrative agency by objection or otherwise are waived and may not be raised on appeal. Staschak v. State Med. Bd. of Ohio, Franklin App. No. 03AP-799, 2004-Ohio-4650; Morgan v. Bd. of Edn. of Girard CitySchool Dist. (1993), 90 Ohio App.3d 627, 631, citing Stores Realty Co.v. Cleveland (1975), 41 Ohio St.2d 41, 43; see, also, ETB Corp. v. OhioLiquor Control Comm., Franklin App. No. 02AP-738, 2003-Ohio-589, at ¶ 22. The waiver doctrine is tempered somewhat by the doctrine of "plain error." Lias v. Beekman, Franklin App. No. 06AP-1134, 2007-Ohio-5737, at ¶ 30, citing S P Lebos, Inc. v. Ohio Liquor Control Comm.,163 Ohio App.3d 827, 2005-Ohio-5424. "A `plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, 209. Thus, "[t]he plain error doctrine may be utilized in civil cases only with the utmost caution, under exceptional *Page 6 
circumstances and only to prevent a manifest miscarriage of justice."LeFort v. Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 124.
 {¶ 11} In this appeal, appellant does not challenge the commission's findings as to the allegations concerning the insanitary condition of the permit premises or the drug possession by an employee on the premises. However, in reference to Violation #3, appellant contends that the record lacks any reliable, probative, and substantial evidence to establish that any items were present in Gebhardt's Superette as the result of a theft offense. According to appellant, the investigative report presented at the March 14, 2007 hearing before the commission did not constitute reliable, probative, and substantial evidence to support the commission's order. Specifically, appellant argues that, even though the ODPS agent testified that the investigative report was kept and maintained as a business record by the ODPS, the report was not reliable because it was not sworn to by the agent who prepared it. Furthermore, appellant essentially argues that the investigative report was not probative of the issue of whether there had been a violation of the "theft offense" provision of Ohio Adm. Code 4301:1-1-52(B).
 {¶ 12} As a general rule, administrative agencies are not bound by the strict rules of evidence applied in court. Felice's Main Street, Inc. v.Liquor Control Comm., Franklin App. No. 01AP-1405, 2002-Ohio-5962, citing Haley v. Ohio State Dental Bd. (1982), 7 Ohio App.3d 1, 6. Thus, "`[t]he hearsay rule is relaxed in administrative proceedings, but the discretion to consider hearsay evidence cannot be exercised in an arbitrary manner.'" Doersam v. Gahanna (Sept. 30, 1997), Franklin App. No. 96APF12-1766, quoting Haley.
 {¶ 13} Concerning hearsay evidence, one of the issues to consider is whether the statements were inherently unreliable or whether they "bore significant indicia of *Page 7 
trustworthiness." See Felice's Main Street, Inc., at ¶ 18. Unless shown otherwise, police and administrative investigative reports "have a very high indicia of reliability." Felice's Main Street, Inc., citingHusnia, Inc. v. Liquor Control Comm. (June 24, 1999), Cuyahoga App. No. 74216. Moreover, the reliability of hearsay statements may be inferred without more where the evidence falls within a firmly rooted hearsay exception. Felice's Main Street, Inc., at ¶ 19, citing Ohio v.Roberts (1980), 448 U.S. 56, 66, 100 S.Ct. 2531. Firmly rooted hearsay exceptions include the business records exception in Evid. R. 803(6), and the public records exception in Evid. R. 803(8). Id.
 {¶ 14} Here, an ODPS agent testified at the hearing before the commission that the ODPS report completed in connection with the August 2006 investigation of Gebhardt's Superette was kept and maintained as a business record by ODPS. Although appellant argues on appeal that the report was not reliable because it was not sworn to by the agent who prepared it, appellant failed to attend the commission hearing and did not object to the report. Furthermore, appellant has not directed this court's attention to anything suggesting that the administrative investigative report was so inherently unreliable that the commission was precluded from considering it. To the contrary, the nature of the report and the testimony supporting its admissibility arguably demonstrated its reliability.
 {¶ 15} Regarding appellant's argument that the report was not probative of whether there had been a "theft offense," we find that the investigative report was probative as to Violation #3 as it stated that trademark counterfeit articles of clothing as well as "obvious" bootlegged CDs and DVDs were found behind the counter at Gebhardt's Superette. This evidence tends to prove the violation. *Page 8 
 {¶ 16} Accordingly, we resolve that the trial court did not abuse its discretion in finding that there was reliable, probative, and substantial evidence to support the commission's order.
 {¶ 17} Appellant, citing B N Ent. v. Liquor Control Comm. (1999),131 Ohio App.3d 394, also contends that it was denied a meaningful hearing because the commission simply accepted the investigative report without considering evidence in the record contrary to the investigative report. In this regard, appellant argues that the commission improperly failed to consider the affidavit submitted in connection with the motion for reconsideration. Appellant asserts that the affiant stated that the items on the permit premises were lawfully obtained.
 {¶ 18} It is clear upon reviewing the record that the affidavit referred to by appellant was submitted in support of appellant's request that the commission reconsider the penalty of revocation in the matter, not as a challenge to the underlying violation findings of the commission. Therefore, appellant's contention that the commission erroneously did not consider the submitted affidavit in connection with determining the violations is unpersuasive. Additionally, the case at bar is distinguishable from B N, supra, because in that case no person testified; whereas, here sworn testimony was offered in an attempt to demonstrate the investigative report's admissibility. See Felice's MainStreet, Inc. Lastly, insofar as appellant argues that the affidavit contradicts the theft offense finding, we note that the affidavit refers to the circumstances on the permit premises as they existed on the date the affidavit was signed, not on the date of the investigation at Gebhardt's Superette. *Page 9 
 {¶ 17} In its reply brief, appellant, for the first time in this matter, asserts that a theft offense was alleged in connection with Violation #3, but Ohio Adm. Code 4301:1-1-52(B)(1) was incorrectly cited as the violated provision. Essentially, appellant argues that the commission's notice of hearing, which was incorporated into its March 27, 2007 order, erroneously cited Ohio Adm. Code 4301:1-1-52(B)(1), instead of Ohio Adm. Code 4301:1-1-52(B)(7), as the violated provision in connection with the conduct alleged as "Violation #3." As to this newly alleged error, we observe that "a reply brief is merely an opportunity to reply to the brief of appellee. * * * A reply brief may not raise new assignments, which were omitted from appellant's original brief, especially where leave to file a new assignment was not sought from this court." Calex Corp. v. United Steelworkers of America (2000),137 Ohio App.3d 74, 80. Thus, this issue has been improperly raised and will not be considered in this appeal.
 {¶ 18} Based on the foregoing, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and SADLER, JJ., concur. *Page 1