AMERICAN LEGION POST 209 ET AL., APPELLEES, *v.* SUMMIT COUNTY BOARD OF ELECTIONS ET AL., APPELLANTS.

(No. 13524—Decided December 14, 1988.)

*John Adams,* assistant prosecuting attorney, for appellees.

*Christopher T. Cherpas,* for appellants.

QUILLIN, J. On August 20, 1987, a petition was filed with the Summit County Board of Elections ("board") for a local-option election pursuant to R.C. 4301.35 for Ward 10, Precinct B of the city of Akron. The board, as required by R.C. 4301.33, undertook to give notice of receipt of the petition to all liquor permit holders whose permits would be affected by the election, including appellees American Legion Post 209 and Ted Georgekopoulos, d.b.a. Asteria Restaurant.

Polly Dobkin, an employee of the board, testified that she sent, by first class mail, the required notice to all permit holders. No mail was returned. The commander of American Legion Post 209, however, testified that he never received the notice. Ted Georgekopoulos, owner of a restaurant located within American Legion Post 209, also testified that he did not receive the notice.

The voters of Ward 10, Precinct B approved the liquor option forbidding the sale of liquor by the glass. Thereafter, appellees filed a complaint in the trial court to have the election declared void. Finding that the board of elections failed to comply with the notice requirements of R.C. 4301.33, the trial court enjoined the board of elections from certifying the results to the Secretary of State. We reverse.

### Assignments of Error

"I. The trial court erred in finding that the Board of Elections failed to comply with the statutory requirement of notice pursuant to O.R.C. Section 4301.33.

"II. The trial court erred in its determination that the burden of proof to show compliance with O.R.C. Section 4301.33 rests with defendant, Board of Elections.

"III. The trial court erred in finding that the Board of Elections did not meet its burden of proof showing compliance with the statutory requirements of notice pursuant to O.R.C. Section 4301.33."

The question before us is whether mailing by first class mail substantially complies with the notice requirements of R.C. 4301.33. The statute is silent as to how notice shall be given. This issue is one of first impression in Ohio.

R.C. 4301.33, as amended, provides in part:

"Within five days after receiving a petition calling for an election for the submission of one or more of the questions specified in divisions (A) to (C) of section 4301.35 or section 4301.351 of the Revised Code, the board shall give notice that it has received the petition to all liquor permit holders whose permits would be affected by the results of the special election sought by the petition; the names and addresses of these permit holders shall be filed by the petitioner at the time the petition is originally filed with the board. * * *"

Thus, although R.C. 4301.33 mandates that the board shall give notice that it has received a local-option petition, the statute does not prescribe the manner of providing notice.

Prior to the amendment of R.C. 4301.33 in July 1986, the board of elections was not required to provide any notice of the receipt of a local-option election petition. In construing the predecessor to R.C. 4301.33, it was held that notice was not constitutionally required. *Rickard* v. *Ohio Dept. of Liquor Control* (1986), 29 Ohio App. 3d 133, 139, 29 OBR 149, 155, 504 N.E. 2d 724, 730. As the *Rickard* court observed:

"A local-option election involves a legislative action, not an administrative or quasi-judicial action. Although such an election may affect the right of plaintiffs to use their liquor permits in the precinct in which the election is being held, no rights of plaintiffs are being adjudicated. Rather, the issue on a

local-option election is whether legislation shall be adopted making the sale of intoxicating liquor unlawful in the area in which the local-option election is held. * * *''

Thus, the right to notice now required to be given to permit holders is statutory, not constitutional.

Because rights provided by statute are subordinate to constitutional rights, a method of providing notice which satisfies the constitutional requirements of due process will also satisfy statutory requirements of notice. See 16 Ohio Jurisprudence 3d (1979) 164-165, Constitutional Law, Section 14.

It is not necessary that notice be given through the most likely means of success if the method adopted is reasonably calculated to reach its intended recipients. See *Regional Airport Authority* v. *Swinehart* (1980), 62 Ohio St. 2d 403, 406, 16 O.O. 3d 436, 438, 406 N.E. 2d 811, 814. The Supreme Court has noted that "the mails provide an 'efficient and inexpensive means of communication' * * * upon which prudent men will ordinarily rely in the conduct of important affairs." *Greene* v. *Lindsey* (1982), 456 U.S. 444, 455. See, also, *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 318 (suggesting that ordinary mail notice may be sufficient to comply with due process); *Schroeder* v. *New York* (1962), 371 U.S. 208, 213.

In the present case, Dobkin testified that she sent notice by first class mail to all interested permit holders, including appellees. Dobkin stated that she had been sending notices by first class mail for the past seven years and, in her experience, notices that were not delivered by the post office were returned to the board of elections. In the present case, none of the notices mailed was returned as undelivered.

As long as the notice was properly addressed and sent to the last known address of the intended recipient, as Dobkin testified occurred in the present case, first class mail is sufficiently reliable to satisfy the notice requirements of R.C. 4301.33. See *In re Park Nursing Center, Inc.* (C.A. 6, 1985), 766 F. 2d 261, 265 (Engel, J., concurring).

The assignments of error are sustained.

The decision of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

BAIRD and CACIOPPO, JJ., concur.