CHIRILA, Appellant,

v.

OHIO STATE CHIROPRACTIC BOARD, Appellee.

[Cite as *Chirila v. Ohio State Chiropractic Bd.* (2001), 145 Ohio App.3d 589.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–633.

Decided Aug. 2, 2001.

*Lane, Alton & Horst, Robert G. Graziano* and *Alvin E. Mathews, Jr.; Rossi & Rossi* and *Greg A. Rossi,* for appellant.

*Betty D. Montgomery,* Attorney General, and *David V. Patton,* Assistant Attorney General, for appellee.

---

KENNEDY, Judge.

Appellant, Mark R. Chirila, D.C., appeals from a decision of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio State Chiropractic Board, revoking his chiropractic license.

On April 3, 1998, appellee sent by certified mail to appellant a Notice of Opportunity for Hearing indicating that he was being investigated for improper solicitation, fraud (two counts), professional connection to false advertising (two counts), and engaging in a pattern of fraudulent conduct. The notice included a section advising appellant of his right to request a hearing. Appellant received this notice on April 4, 1998. On April 29, 1998, appellant sent two letters by certified mail to appellee, one requesting a hearing and the other informing appellee of appellant's change of address. Although the letter informing appellee of his change of address arrived on May 4, 1998, appellant's letter requesting a hearing did not arrive until May 5, 1998, one day after the thirty-day deadline in the notice.

Subsequently, on May 3, 1999, appellee sent appellant a letter informing him that they had not received a timely request for a hearing. However, the letter indicated that a hearing, pursuant to this court's decision in *Goldman v. State Med. Bd. of Ohio* (1996), 110 Ohio App.3d 124, 673 N.E.2d 677, would be held on May 11, 1999, in which appellant could be present but would not be allowed to present any evidence or testimony on his behalf. At the hearing, the hearing examiner permitted appellant's counsel to present arguments that appellant's request for a hearing was timely; however, the hearing examiner ruled that the request was not timely. On June 14, 1999, the hearing examiner issued a report and recommendation finding that appellant had committed the violations listed in the notice and recommending that appellant's license be permanently revoked.

Appellant filed objections to the hearing examiner's recommendation, and one of appellant's principal arguments was that the notice issued by appellee was vague and ambiguous as to the requirements for appellant to request a hearing. However, appellee issued an order on July 30, 1999, overruling appellant's objections, adopting the hearing examiner's findings of fact and conclusions of law, and revoking appellant's license. Appellant then appealed the order to the Franklin County Court of Common Pleas, pursuant to R.C. 119.12. On May 10, 2000, the common pleas court issued a decision affirming appellee's order. Appellant then filed a timely notice of appeal to this court.

On appeal, appellant asserts three assignments of error:

"I. The trial court erred by affirming by the board's order revoking Dr. Chirila's license to practice chiropractic because the board's order was arbitrary, unreasonable, unduly harsh, and was not supported by reliable, probative and substantial evidence, and is not in accordance with law.

"II. The trial court erred by concluding that the board's vague and ambiguous language in its notice of hearing did not violate the intent of R.C. 119.07, by undermining Dr. Chirila's ability to have a hearing.

"III. The trial court erred in its conclusion that R.C. 119.07 is constitutional on its face or, at least, as it was applied by the board in this case."

Under R.C. 119.12, a trial court reviewing an order of an administrative agency must consider the entire record and determine whether "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." The trial court must give due deference to the agency's resolution of evidentiary conflicts. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265. If the trial court finds that the order is supported by reliable, probative, and substantial evidence and is in accordance with law, then the trial court must affirm the order. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. In *Pons*, the Supreme Court of Ohio delineated the role of an appellate court in an R.C. 119.12 appeal:

"* * * The appellate court's review is even more limited than that of the trial court. While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, *i.e.,* being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *" *Id.*

However, on questions of law, an appellate court's review is plenary. *Steinfels v. Ohio Dept. of Commerce, Div. of Securities* (1998), 129 Ohio App.3d 800, 803, 719 N.E.2d 76.

We address appellant's second assignment of error first because we find that it is dispositive of this appeal. In appellant's second assignment of error, he argues that appellee's Notice of Opportunity for Hearing was vague and ambiguous in that it merely states that a hearing must be requested within thirty days rather than indicating that a hearing request must be received within thirty days. Thus, appellant contends that the vagueness and ambiguity of the notice precluded him from exercising his due process right to request a hearing. We agree.

Due process rights guaranteed by the United States and Ohio Constitutions apply in administrative proceedings. *LTV Steel Co. v. Indus. Comm.* (2000), 140 Ohio App.3d 680, 688, 748 N.E.2d 1176. "However, due process is a flexible concept and calls for such procedural safeguards as the particular situation demands." *Id.* at 688–689, 748 N.E.2d 1176. In *Korn v. Ohio State Med. Bd.* (1988), 61 Ohio App.3d 677, 684, 573 N.E.2d 1100, this court addressed what procedural due process requires in an administrative hearing: "The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard." "Procedural due process also embodies the concept of fundamental fairness." *Sohi v. Ohio State Dental Bd.* (1998), 130 Ohio App.3d 414, 422, 720 N.E.2d 187. Additionally, this court indicated in *Korn* that "[n]otice and hearing are necessary to comply with due process in an administrative proceeding which revokes an individual's license to practice a profession." *Korn* at 684, 573 N.E.2d 1100. Similarly, the Eighth District has noted that "[d]ue process mandates that prior to an administrative action which results in a deprivation of an individual's liberty or property, the governmental agency must afford that individual reasonable notice and opportunity to be heard." *Alcover v. Ohio State Med. Bd.* (Dec. 10, 1987), Cuyahoga App. No. 54292, unreported, 1987 WL 27517. In *LTV Steel,* this court employed the test for examining due process guarantees in the context of administrative agency proceedings:

"* * * The United States Supreme Court and Ohio Supreme Court both use the test expressed in *Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33–34, as the basis for due process analysis in administrative hearings. See, *e.g., Mackey v. Montrym* (1979), 443 U.S. 1, 10, 99 S.Ct. 2612, 2616–2617, 61 L.Ed.2d 321, 329–330; *Doyle [v. Ohio Bur. of Motor Vehicles* (1990), 51 Ohio St.3d 46, 52], 554 N.E.2d 97. Under that test, the court must weigh the following three factors to determine whether the process granted in the administrative proceeding is constitutionally adequate (1) the private interest at stake, (2) the risk of an erroneous deprivation of that interest and the probable value of additional procedural safeguards, and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Mathews,* at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33–34." *LTV Steel,* at 689, 748 N.E.2d 1176.

Thus, the United States and Ohio Supreme Courts employ a balancing test in determining whether administrative agency proceedings comply with due process.

Proceedings before appellee are governed by R.C. Chapter 119, the Ohio Administrative Procedure Act. R.C. 119.01(A). Under R.C. 119.06, "[n]o adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code." R.C. 119.07

requires that notice of an opportunity to request a hearing be provided by the agency and describes what information must be contained in the notice:

"Except when a statute prescribes a notice and the persons to whom it shall be given, in all cases in which section 119.06 of the Revised Code requires an agency to afford an opportunity for a hearing prior to the issuance of an order, the agency shall give notice to the party informing him of his right to a hearing. Notice shall be given by registered mail, return receipt requested, and shall include the charges or other reasons for the proposed action, the law or rule directly involved, and a statement informing the party that he is entitled to a hearing if he requests it within thirty days of the time of mailing the notice. The notice shall also inform the party that at the hearing he may appear in person, by his attorney, or by such other representative as is permitted to practice before the agency, or may present his position, arguments, or contentions in writing and that at the hearing he may present evidence and examine witnesses appearing for and against him. A copy of the notice shall be mailed to attorneys or other representatives of record representing the party. * * *"

■ Additionally, the failure of an agency to provide notice in the manner specified in R.C. 119.07 invalidates any subsequent order issued by the agency. R.C. 119.07. Thus, to comport with due process requirements, R.C. Chapter 119 requires effective notice and a meaningful opportunity to be heard. McNeil, Due Process and the Ohio Administrative Procedure Act: The Central Panel Proposal (1997), 23 Ohio N.U.L.Rev. 783, 795–796.

■ Here, the notice provided to appellant by appellee indicated:

"Under Section 119.07 of the Ohio Revised Code, you have a right to request a hearing on these allegations. If you request such a hearing, **you must do so within thirty days of the date of this notice**. If you do not request such a hearing within thirty days of the mailing of this notice, the State Board of Chiropractic Examiners, upon consideration of the charges cited, may in its discretion revoke or suspend your license as a doctor of chiropractic, without such a hearing."

Appellant asserts that this notice is vague, ambiguous, and does not comply with due process. Appellee argues that this notice complies with R.C. 119.07 and that it is not required to indicate that the request for a hearing must actually be received within thirty days, rather than just being requested within thirty days. At the hearing before appellee's hearing examiner, appellee's executive director acknowledged that its notice does not say that the request for a hearing must actually be received within thirty days and noted that the language in its notice is "open to interpretation." Additionally, counsel for the state, arguing that the notice complied with R.C. Chapter 119, suggested:

"* * * [T]here's no requirement that the State go out and research all of the corresponding cases to this provision and attach them to the notice to give—to give his client or anyone else a, for a lack of a better word, clearer understanding. I think it is without a doubt clear from the language of the statute. And if there was anything—anything additional then that was incumbent upon—if there was any additional information that Dr. Chirila was looking for, that it was incumbent upon him to get."

Thus, the state appears to concede that the notice is unclear but argues that it has no duty to inform an individual what she or he must do to request a hearing in a timely manner.

Appellee also focuses on the issue of the timeliness of appellant's request and correctly cites case law from this court and other Ohio appellate courts indicating that the language in R.C. 119.07 stating that a party must request a hearing "within thirty days" has been interpreted to require that the request must actually be received within thirty days. See, *e.g., Hsueh v. State Med. Bd.* (Oct. 17, 1989), Franklin App. No. 88AP 276, unreported, 1989 WL 125076 (merely mailing the request for a hearing within thirty days is insufficient to comply with R.C.119.07). However, none of the cases cited by appellee addressed the issue of the adequacy of notice provided by the state licensing boards.

Although the Eighth District concluded in *Alcover* that the doctor's failure to request a hearing within thirty days denied the common pleas court of jurisdiction to consider the merits of her appeal, the *Alcover* court noted that the doctor was not challenging the constitutional adequacy of the notice provided to her by the State Medical Board. *Alcover, supra.* Additionally, the *Alcover* court found that an employee of the State Medical Board specifically told the doctor what she must do to request a hearing. *Id.* Moreover, it is universally accepted that consideration of constitutional guarantees, such as whether an agency has complied with due process, trumps statutory or procedural considerations. See, *e.g., Doan v. Brigano* (C.A.6, 2000), 237 F.3d 722, 728 (indicating that the Ohio Rules of Evidence cannot be used to preclude a federal court's review of an individual's constitutional claims); *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 490, 715 N.E.2d 1062 (noting that the legislature cannot pass legislation that limits a court's ability to review a constitutional right); *Am. Legion Post 209 v. Summit Cty. Bd. of Elections* (1988), 57 Ohio App.3d 95, 97, 566 N.E.2d 1258 (stating that statutory considerations are subordinate to constitutional rights). For example, in *Goldman v. State Med. Bd. of Ohio* (1996), 110 Ohio App.3d 124, 129, 673 N.E.2d 677, the fact that the licensee did not request a hearing within the thirty-day time period did not prevent this court from reviewing the medical board's hearing procedures to determine whether there was a due process violation. Thus, the failure to timely request a hearing does

not preclude a court's consideration of whether an agency's procedures comply with due process.

In *Davidson v. State Med. Bd. of Ohio* (May 7, 1998), Franklin App. No. 97APE08–1036, unreported, 1998 WL 226436, this court examined the adequacy of the notice provided by the State Medical Board under R.C. 119.07. The notice from the State Medical Board specifically provided that a request for a hearing "must be received in the offices of the State Medical Board within thirty (30) days of the time of mailing of this notice." *Id.* This court concluded that the doctor "was given proper notice of the hearing and of the charges against him." *Id.* Thus, in *Davidson,* the notice provided by the State Medical Board satisfied the due process requirement of an effective notice and a meaningful opportunity to be heard.

Upon a review of appellee's notice in light of the requirements of procedural due process, we conclude that appellee's notice is constitutionally defective. Under the first factor of the *Mathews* test, appellant has a protected property interest in his professional license. *Sohi* at 422, 720 N.E.2d 187. Considering the second factor, there is a significant risk of an erroneous deprivation of property rights given appellee's ambiguous notice and the lack of an ability to present a case if a hearing is not timely requested. Individuals who are unrepresented by counsel at the time they receive appellee's notice, such as appellant, would not reasonably read the notice to understand that a request for a hearing must actually be received by appellee within the thirty-day time period.

Moreover, requiring that the notice accurately reflect that the request must be received by appellee within thirty days is the only way to eliminate this ambiguity. Under the third factor, the fiscal and administrative burden on appellee of changing the language in its notice is de minimis. When these factors are weighed, the slight burden on appellee is clearly outweighed by the need to protect the due process rights of those who risk losing their professional license and their livelihood. The purpose of the notice required by R.C. 119.07 is to ensure that an individual's due process rights are protected; therefore, appellee's notice must accurately state exactly what an individual must do to request a hearing. Because appellee's notice does not specifically state that the request for a hearing must be *received* within thirty days, as the State Medical Board's notice provided in *Davidson,* the notice is ineffective and fails to provide a meaningful opportunity to be heard. Appellee's arguments that *Davidson* is inapplicable here are unpersuasive in that this court considered in *Davidson* the legal adequacy of the notice required by R.C. 119.07.

Because we find that appellee's notice did not comply with due process, appellee's order revoking appellant's license is void under R.C. 119.06 and 119.07. See, also, *State ex rel. Sohi v. Williams* (May 20, 1997), Franklin App. No.

96APD05–687, unreported, 1997 WL 275495 (finding that an agency's order may be reversed if proper notice is not given); *In re Morgenstern* (May 28, 1992), Franklin App. No. 91AP–1018, unreported, 1992 WL 119880 (holding that the common pleas court erred by affirming an order of the chiropractic board where the doctor was not given adequate notice). Therefore, appellant's second assignment of error is sustained. Upon remand, appellant must be afforded with effective notice and a meaningful opportunity for a hearing.

Given our disposition of appellant's second assignment of error, appellant's first assignment of error, challenging the evidentiary and legal basis of appellee's order, is moot.

In appellant's third assignment of error, he argues that R.C. 119.07 is facially unconstitutional or that it is unconstitutional as applied by appellee. We disagree.

Appellant's argument that appellee's notice is constitutionally defective was addressed in this court's discussion of his second assignment of error. With regard to his challenge to the facial constitutionality of R.C. 119.07, this court has consistently rejected constitutional challenges to R.C. 119.07 on due process grounds. *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 318, 659 N.E.2d 368; *Tripodi v. Ohio Liquor Control Comm.* (1970), 21 Ohio App.2d 110, 111–112, 50 O.O.2d 212, 255 N.E.2d 294. Appellant offers no new arguments that would lead this court to conclude that on its face R.C. 119.07 violates due process. Thus, appellant's third assignment of error is overruled.

Based upon the foregoing reasons, appellant's first assignment of error is moot, while his second assignment of error is sustained, and his third assignment of error is overruled. The decision of the Franklin County Court of Common Pleas is reversed, and the cause is remanded to appellee for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROWN, J., concurs.

PEGGY BRYANT, P.J., concurs separately.

PEGGY BRYANT, Presiding Judge, concurring.

I concur in the majority's conclusion that appellant's second assignment of error be sustained.

Appellee's concerns about imposing obligations on it to "research all of the corresponding cases" and so advise appellant may have merit in other stages of the proceedings. They are, however, unpersuasive here, where the notice is

designed to, and must be sufficient to, "enable the recipient to determine what he must do to prevent the deprivation of his interest." *Estate of Wolff v. Weston Town Bd.* (1990), 156 Wis.2d 588, 457 N.W.2d 510, 513, citing *Goldberg v. Kelly* (1970), 397 U.S. 254, 267–268, 90 S.Ct. 1011, 25 L.Ed.2d 287. Although appellant's retaining legal counsel may have assisted his interpreting the notice, which was premised on the language of the statute, appellant was not required to obtain counsel to interpret the notice that advised him of what he must do to engage in the hearing process before the board. Because the notice was insufficient to accomplish its purpose, I concur in the majority's sustaining the second assignment of error. I further concur in its resolution of the first and third assignments of error.