OPINION
{¶ 1} Appellant, Tott Enterprises, appeals from a judgment of the Franklin County Court of Common Pleas that affirmed an order of the Ohio Liquor Control Commission ("commission") revoking appellant's liquor permit. For the following reasons, we affirm.
 {¶ 2} According to the record, on the evening of August 26, 1998, an employee of Tott Enterprises, d.b.a. Old Town Tavern, sold and furnished beer to Joseph Davis and Justin Rippeth, who were both teenagers at the time. Shortly after leaving Old Town Tavern, Davis, Rippeth, and another passenger were involved in a single car accident, resulting in the death of Davis who was the driver of the car. According to the coroner's investigation, a severe open head injury related to the auto accident caused Davis's death with ethanol intoxication and blunt chest trauma as contributory factors.
 {¶ 3} The Ohio Department of Public Safety served notice on appellant informing it that an administrative hearing would be held to determine whether appellant's liquor permit should be suspended, revoked, or whether a forfeiture should be ordered for four violations of R.C. 4301.69
related to the selling and furnishing of alcohol to Davis and Rippeth. On October 17, 2000, the commission held a hearing to consider the matter. At this hearing, the commission heard testimony from several witnesses, including testimony from Rippeth. Rippeth testified that during the evening of August 26, 1998, a tavern employee brought many rounds of drinks to the table where Rippeth and Davis were sitting along with others.[1] According to Rippeth, he drank about one and one-half beers while Davis drank about five to six beers.[2] Rippeth testified, "I know for a fact we did pay for more than half of the beer we were drinking. * * * [W]e pretty much just all laid [money] on the table, and it was picked up as beer was delivered."[3]
 {¶ 4} Finding appellant had committed all four violations, the commission revoked appellant's liquor permit. Appellant appealed to the Franklin County Court of Common Pleas.
 {¶ 5} Before the common pleas court, appellant moved to admit newly discovered evidence, namely the testimony of Gary LeMaster. After conducting a hearing wherein LeMaster testified, the common pleas court found LeMaster's testimony relevant as to the credibility of Rippeth. The common pleas court granted appellant's motion to admit newly discovered evidence and remanded the matter to the commission. In its order, the common pleas court instructed that "[t]he transcript [of the hearing before the common pleas court] is made a part of the record; however, it is the expectation of the Court that both [Rippeth and LeMaster] will be presented in the same hearing before the Commissioners."[4]
 {¶ 6} Upon remand, the commission held another hearing. Despite the common pleas court's expectation, LeMaster was not presented as a witness at the rehearing. Rather, at the rehearing a transcript of LeMaster's testimony before the common pleas court was submitted as a mutual exhibit. The record from the prior court case was also submitted as a mutual exhibit. Rippeth, who had testified at the earlier hearing before the commission, was present at the rehearing but was not called to testify. Finding Rippeth was more credible than LeMaster, the commission issued another order wherein it again revoked appellant's liquor permit.
 {¶ 7} Thereafter, appellant appealed to the Franklin County Court of Common Pleas. Pursuant to Civ.R 53 and local court rule, the matter was referred to a magistrate for an oral hearing. Following the hearing, the magistrate affirmed the commission's order. Appellant objected to the magistrate's decision. On January 23, 2004, the common pleas court overruled appellant's objections and adopted the magistrate's decision.
 {¶ 8} From the common pleas court's judgment of January 23, 2004, appellant appeals and assigns a single assignment of error:
The Trial Court erred in affirming the Liquor Control Commission's Order revoking Appellant's permits wherein assessing the evidence before it, the Commission applied the wrong legal standard. That is, it applied the criminal standard of certainty when the proceeding before it was civil in nature.
 {¶ 9} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ.of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also,Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280. The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v. Ohio Veterinary Med. Bd. (1981), 2 Ohio App.3d 204,207, quoting Andrews, at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Conrad, at 111.
 {¶ 10} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, rehearing denied, 67 Ohio St.3d 1439. InPons, the Supreme Court of Ohio explained:
* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
Id. at 621.
 {¶ 11} An appellate court does, however, have plenary review of questions of law. Chirila v. Ohio State Chiropractic Bd. (2001),145 Ohio App.3d 589, 592, citing Steinfels v. Ohio Dept. ofCommerce, Div. of Securities (1998), 129 Ohio App.3d 800, 803, appeal not allowed (1999), 84 Ohio St.3d 1488.
 {¶ 12} Despite appellant's contention to the contrary, we find the commission did not apply a criminal standard of certainty to the proceedings before it. See, generally, FOE AERIE 2347 v. Ohio State LiquorControl Comm. (Dec. 27, 2001), Franklin App. No. 01AP-675, citing Dept.of Liquor Control v. Santucci (1969), 17 Ohio St.2d 69 (observing that "[liquor control] commission proceedings have traditionally been deemed civil"). Rather than applying a criminal standard of certainty, in its order the commission set forth the indicia it used to assess witness credibility. Appellant's contention that the commission applied an incorrect legal standard is therefore unconvincing.
 {¶ 13} Former R.C. 4301.69,[5] in relevant part, provided:
(A) Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person, unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian. * * *
* * *
(H) As used in this section:
* * *
(5) "Underage person" means a person under the age of twenty-one years.
 {¶ 14} Before the commission, Rippeth testified that on August 26, 1998, appellant's employee furnished and sold beer to himself and Joseph Davis. According to evidence in the record, on August 26, 1998, both Rippeth and Davis were 17 years old. There was no evidence presented that suggested Rippeth or Davis was accompanied at Old Town Tavern by a parent, legal guardian, or spouse who was not an underage person. Therefore, evidence in the record supports the commission's finding that appellant through the acts of its employee violated former R.C. 4301.69. See, also, VFW Post 8586 v. Ohio Liquor Control Comm. (1998),83 Ohio St.3d 79, 82 (observing that the commission may draw reasonable inferences based upon evidence before it).
 {¶ 15}
Additionally, pursuant to the applicable version of R.C. 4301.25(A),[6]
the commission had the authority to suspend or revoke a liquor permit for violations of R.C. Chapter 4301. Accordingly, having concluded that appellant violated former R.C. 4301.69, the commission had authority to revoke appellant's liquor permit for violations of former R.C. 4301.69.
 {¶ 16} Appellant suggests, however, that the commission erred when it found Rippeth's testimony was more credible than LeMaster's testimony, and, as a consequence, the common pleas court erred when it found the commission's order was supported by reliable, probative, and substantial evidence.
 {¶ 17} When reviewing an administrative record under R.C. 119.12, "the trial court may, to a limited extent, substitute its judgment for that of the administrative agency; however, the trial court must give due deference to the administrative resolution of evidentiary conflicts and, if the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the administrative body which had the opportunity to observe the demeanor of the witnesses and weigh their credibility." Suso v. Ohio Dept. of Dev. (1993),93 Ohio App.3d 493, 500 (Bryant, J., dissenting), dismissed, jurisdictional motion overruled (1994), 69 Ohio St.3d 1449. Upon appellate review, "[t]he appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. * * * [A] court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court." Pons,
supra, at 621.
 {¶ 18} In LeMaster's testimony before the common pleas court that was submitted as a mutual exhibit at the commission's rehearing, LeMaster testified that on August 26, 1998, he had observed Davis at another bar prior to the events at Old Town Tavern. LeMaster's testimony contradicted Rippeth's testimony about Davis's whereabouts prior to the events at Old Town Tavern, thereby casting doubt upon Rippeth's credibility as a witness.
 {¶ 19} After considering the evidence before it, the commission found LeMaster's testimony was not credible "in that he says he is `reasonably sure' of the date and the time in August, and applying the tests of credibility we find Justin Rippeth to be the more credible witness."[7]
We find ample evidence to support the commission's finding concerning LeMaster's degree of certitude. (Feb. 28, 2001 hearing, Tr. 10, 13, 19, 20.)
 {¶ 20} Therefore, having found that there is ample evidence to support the commission's finding concerning LeMaster's degree of certitude and even assuming arguendo that the conflicting testimony of LeMaster and Rippeth was of equal weight, we conclude the common pleas court did not abuse its discretion by finding that the commission's order was supported by reliable, probative, and substantial evidence. See, generally, OurPlace, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571
(defining reliable, probative, and substantial evidence).
 {¶ 21} Having found that the common pleas court did not abuse its discretion when it affirmed the commission's order, we therefore overrule appellant's sole assignment of error. Having overruled appellant's assignment of error, we therefore affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Lazarus and Sadler, JJ., concur.
[1] Tr. of Oct. 17, 2000, hearing, at 22.
[2] Id. at 23-24.
[3] Id. at 25-26; 39-40.
[4] "Order Granting Appellant's Motion To Admit Newly Discovered Evidence; Making That Evidence Part of the Record; And Remanding This Case To The Liquor Control Commission For Rehearing," dated July 11, 2001.
[5] Since August 26, 1998, when the alleged violations of R.C.4301.69 occurred, R.C. 4301.69 has been amended. See Am.Sub.H.B. No. 17, effective October 11, 2002.
[6] Since the alleged violations of August 26, 1998, R.C. 4301.25 has been amended. See Am.Sub.H.B. No. 402, effective March 30, 1999; Sub.S.B. No. 23, effective April 7, 2004.
[7] Order of commission, mailed June 21, 2002, at 2.