[Cite as *Great Choice Realty, L.L.C. v. Ohio Real Estate Comm.*, 2011-Ohio-4116.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95984**

# GREAT CHOICE REALTY, L.L.C.

PLAINTIFF-APPELLEE

vs.

# OHIO REAL ESTATE COMMISSION

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-725231

**BEFORE:** Kilbane, A.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 18, 2011

**ATTORNEYS FOR APPELLANT**

Mike DeWine
Attorney General
Theodore L. Kleckler
Assistant Attorney General
30 East Broad Street
26th Floor
Columbus, Ohio 43215-3428

**ATTORNEYS FOR APPELLEE**

R. Eric Smearman
Holly J. Kamm
Smith Marshall, L.L.P.
815 Superior Avenue
Suite 1425
Cleveland, Ohio 44114

MARY EILEEN KILBANE, A.J.:

{¶ 1}  The Ohio Real Estate Commission (Real Estate Commission) appeals from the judgment of the trial court that reversed the revocation of Great Choice Realty's (Great Choice) real estate brokerage license in connection with a complaint filed with the Ohio Department of Commerce – Division of Real Estate and Professional Licensing (Real Estate Division) for failing to promptly reimburse funds that were garnished from Great Choice's trust account.   For the reasons set forth below, we affirm.

{¶ 2}  The record indicates that Great Choice was granted a real estate brokerage license on April 26, 2004.   James Catalano (Catalano) is a licensed broker and agent of Great Choice Realty.   His father, Michael Catalano, is the authorized representative of Great Choice and was the former broker.

{¶ 3}  In the spring of 2005, Catalano worked with Karen Caponi (Caponi), who was looking for a house in the Macedonia area.   Caponi later saw houses listed on a television program and called Greg Friedl who had advertised them.   According to Caponi's statement, she informed Friedl that Catalano was her real estate agent.   She looked at several homes but did not make any offers.   Caponi later went back to one of the houses with Catalano and purchased it.   Catalano was identified as an agent of Great Choice on the purchase agreement.

{¶ 4}  Friedl filed a complaint against Catalano, stating   that he was entitled to the commission.   Friedl's complaint proceeded to arbitration on December 13, 2005, before the Medina Board of Realtors.   There is no arbitration award in our record, but according to Friedl the "[p]anel found in [his] favor * * * and issued a binding award to him and against Mr. Catalano of $6,342."   There is no indication in the record that Great Choice was a party to the arbitration.

{¶ 5}  In February 2007, Friedl filed a motion to confirm the arbitration award in the Portage County Court of Common Pleas.   The motion was deemed untimely and was denied.   Approximately six months later, Friedl then sued Catalano and Great Choice for breach of contract in the Summit County Court of Common Pleas (Summit County).   According to the docket, Catalano failed to respond to a request for admissions.   The trial court then entered summary judgment against Catalano, finding no just cause for delay,[1]  and making no ruling as to Great Choice.

---

[1]This language, under Civ.R. 54(B), therefore indicates that the court made only a partial disposition of all of the claims.

{¶ 6} On September 16, 2008, the Summit County court awarded Friedl prejudgment interest and attorney's fees, totaling $19,452.50.   On September 19, 2008, the Summit County clerk of courts issued a Certificate of Judgment for Lien transfer that indicated:

**"Judgment Debtor(s): James Catalano
Great Choice Realty, LLC"**

{¶ 7} In October 2008, Friedl filed a complaint against Catalano with the Real Estate Division.   On October 10, 2008, the Real Estate Division dismissed the complaint, but instructed Friedl to refile after Catalano had exhausted his appeals.

{¶ 8} On October 24, 2008, U.S. Bank National Association processed a garnishment filed by Friedl and removed $3,606.28 from Great Choice's trust account. On November 5, 2008, Catalano's appeal to the Ninth District Court of Appeals was dismissed for failing to complete a App.R. 9(C) statement.   On November 25, 2008, Summit County issued a journal entry entitled "Pay in Order" that does not list Great Choice as a defendant, but states that the garnishment was submitted to the court and that "Defendants" waived their right to a hearing in the matter.

{¶ 9} On January 23, 2009, Friedl filed a second complaint with the Real Estate Division.   He listed Catalano of Great Choice Realty as the  "Person Complained Against" in the section of the form designated "Licensee or Unlicensed Person #1."   The section marked "Licensee or Unlicensed Person #2" was left blank.

{¶ 10} In his description in his complaint, Friedl indicated:

**"Panel found in favor of Mr. Friedl and issued a binding award to him and against Mr. Catalano of $6,342. * * * [Friedl was granted an**

**additional award of $19,452.50 by Summit County for prejudgment interest and attorney fees and] Mr. Catalano refuses to pay Mr. Friedl anything."**

{¶ 11} Thereafter, in August 2009, the Real Estate Division alleged that Great Choice had violated R.C. 4735.18(A)(29) in connection with the Summit County judgment that remained unsatisfied, and had violated R.C. 4735.18(A)(6) by failing to reimburse, or failing to timely reimburse, the U.S. Bank trust account following the garnishment of funds from that account.

{¶ 12} The matter proceeded to hearing before a Real Estate Division hearing officer on January 5, 2010. Rae Ann Anderson, the Real Estate Division investigator, testified that Great Choice was a defendant in the litigation filed by Friedl in Summit County, that both Catalano and Great Choice are listed as defendants on the court's docket and the Certificate of Judgment for Lien for Transfer, and that the court's journal entries for the matter do not indicate that the judgment had been satisfied.

{¶ 13} Anderson further testified that on October 24, 2008, Summit County garnished $3,606.28 from Great Choice's U.S. Bank trust account. Sometime after January 23, 2009, the date that Friedl filed his complaint with the Division, Counsel for Anderson and Real Estate Division, Holly Johnston-Cook, contacted U.S. Bank and learned that this sum had not been replaced in the trust account.

{¶ 14} Anderson admitted on cross-examination that the Summit County judgment entry awarded Friedl judgment against "Defendant," and at "Defendant's cost," and that the summary judgment award "is a final appealable order with no just cause for delay,"

thus suggesting a single defendant, i.e., named defendant, Catalano. Finally, Anderson did not know if the debt had been satisfied following the May 2009 conclusion of her investigation, and did not know if funds were later redeposited into the trust account.

{¶ 15} Great Choice maintained that Catalano was the sole defendant listed on Friedl's Summit County judgment, and that it was not responsible for U.S. Bank's improper garnishment from Great Choice's trust account. Great Choice also indicated that the judgment had been partially satisfied and was negotiating settlement of the balance.

{¶ 16} On January 26, 2010, the hearing officer issued a report in which she found that Friedl and Catalano entered into binding arbitration, and that Friedl was awarded $6,342. She further found that there was no evidence that Great Choice was a party to the arbitration, and that Catalano is the only defendant listed in the Summit County judgment entry awarding Friedl summary judgment. In addition, Great Choice is not listed as a defendant in the Summit County "Pay in Order" entry for garnishment.

{¶ 17} The hearing officer concluded that the Real Estate Division failed to establish that Great Choice violated R.C. 4735.18(A)(29) in connection with an unpaid judgment. The hearing officer determined, however, that Great Choice had committed misconduct, in violation of R.C. 4735.18(A)(6), by failing to reimburse, or failing to timely reimburse, the U.S. Bank trust account following the garnishment of funds from that account. The hearing officer noted:

> **"Irrespective of Respondent's allegation that the funds were improperly garnished from Respondent's trust account, Respondent failed to provide any evidence as to what steps, if any, had been**

**taken to correct or reverse the garnishment [and as of May 15, 2009] the judgment in the Summit County case remained unsatisfied.”**

**“* * ***

**“* * * [Great Choice] failed to safeguard the funds in the trust account and to restore the sum of $3,606.28 to its US Bank trust account.”**

{¶ 18} Great Choice filed objections to the hearing officer's report, but on April 14, 2010, the Real Estate Commission adopted the hearing officer's findings of fact and conclusions of law and revoked Great Choice's real estate license.

{¶ 19} On April 27, 2010, Great Choice appealed the matter to the court of common pleas pursuant to R.C. 119.12.[2]  Great Choice argued that the license revocation was not supported by reliable, substantial evidence because the Real Estate Division failed to meet its burden of establishing that trust account funds were not reimbursed, and because Great Choice had in fact deposited $3,606.12 into the trust account to cover the improper garnishment.   In opposition, the Real Estate Commission argued that the order was supported by reliable, probative, and substantial evidence because the funds were not restored during the three-month period of the Real Estate Division's investigation.   The Real Estate Commission also maintained that the revocation was in accordance with the law because Great Choice failed to safeguard the trust account funds, contrary to R.C. 4735.18(A)(27), and thereby committed misconduct under R.C. 4735.18(A)(6).

---

[2]Great Choice also moved for a stay of the suspension order, which the trial court granted on May 3, 2010.

{¶ 20} On October 12, 2010, the trial court reversed the Real Estate Commission's license revocation order. In a written Memorandum of Opinion, the court noted:

**"The Court finds it troubling that Appellee ignored Appellant's evidence that the funds were improperly garnished from its Trust Account. Furthermore, it appears that the underlying judgment was entered only against James Catalano, not [Great Choice]. Accordingly, Mr. Catalano, not Appellant, was responsible for replenishing the improperly garnished funds. Appellant was under no legal obligation to timely replenish funds.**

**Also disturbing is the fact that Appellee ignored, and did not dispute, Appellant's evidence that the garnished amount from Appellant's Trust account was fully replenished prior to the April 7, 2010 hearing.**

**Upon review of the parties' briefs and the certified record, the Court finds that Appellee erred when it adopted the hearing officer's findings of fact and conclusions of law as to Appellant's violation of R.C. 4735.18(A)(6). The Court finds that the evidence presented was unreliable, insubstantial, and not probative. Therefore, the Court orders that Appellee's order to revoke Appellant's real estate license is hereby reversed."**

{¶ 21} The Real Estate Commission now appeals and assigns the following errors for our review:

**"The lower court erred as a matter of law when it substituted its own judgment for that of the administrative agency."**

**"The lower court abused its discretion in finding the order of the Ohio Real Estate Commission is not supported by reliable, probative, and substantial evidence."**

{¶ 22} Pursuant to R.C. 119.12, a party may appeal a license revocation to the

court of common pleas. The court of common pleas must examine the evidence, and uphold the order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 1993-Ohio-122, 614 N.E.2d 748. The court of common pleas must give due deference to the administrative resolution of evidentiary conflicts, but the findings of the agency are by no means conclusive. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 407 N.E.2d 1265. The court of common pleas conducts a de novo review of questions of law to determine whether the administrative order is in accordance with the law. *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471, 1993-Ohio-182, 613 N.E.2d 591.

{¶ 23} On further appeal, the appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. *Pons*. Absent an abuse of discretion, the court of appeals may not substitute its judgment for that of the agency or the trial court, and must affirm the trial court's judgment. Id. For purely legal questions, however, the appellate court's review is plenary. *Chirila v. Ohio State Chiropractic Bd.* (2001), 145 Ohio App.3d 589, 592, 763 N.E.2d 1192.

{¶ 24} In this matter, the Real Estate Commission complains that the court of common pleas improperly substituted its judgment for that of the Real Estate Commission by picking certain "irrelevant facts and erroneous points of law to support its conclusion." Specifically, the Real Estate Commission asserts that the trial court was insufficiently deferential to the Real Estate Commission and disregarded the unrefuted evidence that the

trust account funds were not reimbursed until 18 months after the filing of the garnishment. The Real Estate Commission also maintains that the court of common pleas erred as a matter of law by ignoring Great Choice's duty to maintain its trust account and incorrectly held that Great

{¶ 25} Choice had no legal obligation to timely replenish the trust account following the Summit County garnishment.

{¶ 26} We conclude that the court of common pleas acted within it discretion in concluding that "the evidence presented was unreliable, insubstantial, and not probative." In a thoughtful opinion, as stated earlier, the trial court noted:

> **"The Court finds it troubling that Appellee ignored Appellant's evidence that the funds were improperly garnished from its Trust Account. Furthermore, it appears that the underlying judgment was entered only against James Catalano, not [Great Choice]. Accordingly, Mr. Catalano, not Appellant, was responsible for replenishing the improperly garnished funds. Appellant was under no legal obligation to timely replenish funds.**
>
> **Also disturbing is the fact that Appellee ignored, and did not dispute, Appellant's evidence that the garnished amount from Appellant's Trust account was fully replenished prior to the April 7, 2010 hearing."**

{¶ 27} It was therefore not shown that Great Choice failed to safeguard the trust account funds contrary to R.C. 4735.18(A)(27). Rather, Great Choice ultimately deposited $3,606.12 into the trust account to cover the improper garnishment. The court of common pleas did not rely upon irrelevant facts and did not merely substitute its judgment for that of the Real Estate Commission.

{¶ 28} As to the court's resolution of the legal issues, we note that R.C. 4735.18(A) authorizes the Real Estate Commission to "impose disciplinary sanctions upon any licensee who, in the licensee's capacity as a real estate broker or salesperson, or in handling the licensee's own property, is found guilty of:

"* * *

"**(6) Dishonest or illegal dealing, gross negligence, incompetency, or misconduct;**

"* * *

"**(27) Failure to maintain at all times a special or trust bank account in a depository in this state, to be used exclusively for the deposit and maintenance of all rents, security deposits, escrow funds, and other moneys received by the broker in a fiduciary capacity in the course of managing real property. This account shall be separate and distinct from any other account maintained by the broker. * * *"**

{¶ 29} Under R.C. 4735.18(A)(6), the term "misconduct" includes unprofessional conduct or that conduct involving any breach of duty contrary to law. *Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of Real Estate* (1990), 48 Ohio St.3d 74, 549 N.E.2d 509, paragraph two of the syllabus.

{¶ 30} Here, the court of common pleas properly concluded that the Real Estate Commission erred when it concluded that Great Choice violated R.C. 4735.18(A), as there was evidence that "the funds were improperly garnished from [Great Choice's] Trust Account[,]" that "the underlying judgment was entered only against James Catalano,[so] Catalano, not Appellant, was responsible for replenishing the improperly garnished funds[,]" and "the garnished amount from Appellant's Trust account was fully replenished prior to the April 7, 2010 hearing." The Real Estate Commission insists that

this is erroneous, pursuant to *In re Hunt* (May 24, 1996), Portage App. No. 95-P-0147. *In re Hunt* involved a real estate broker's use of tenant security deposits over a period of eight months to pay various expenses associated with the rental properties. The broker ultimately replenished the funds, but was found to have committed misconduct under R.C. 4735.18(A)(6) by failing to maintain the trust account funds. His license was suspended for 45 days. The trial court affirmed the sanction and the court of appeals also affirmed. Since *In re Hunt* involved the broker's own depletion of trust account funds, rather than the failure to repay funds that were depleted by the actions of others, it has no application here. The trial court properly determined that Great Choice did not fail to safeguard trust account funds and did not commit misconduct. The trial court properly reversed the order of revocation.

{¶ 31} The assignments of error are without merit.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., CONCURS;
COLLEEN CONWAY COONEY, J., DISSENTS (SEE SEPARATE DISSENTING OPINION)


COLLEEN CONWAY COONEY, J., DISSENTING:

{¶ 32} I respectfully dissent.  I would reverse the common pleas court's judgment as an abuse of discretion and also review its decision on a purely legal question de novo.

{¶ 33} As for the purely legal question, the trial court found that Great Choice was under no legal obligation to timely replenish funds.  The court gave no authority for such a legal conclusion, and I find it within the purview of the Real Estate Commission to determine such legal issues.  The hearing officer specifically found that "Respondent [Great Choice] failed to provide any evidence as to what steps, if any, had been taken to correct or reverse the garnishment."

{¶ 34} As the majority acknowledges, James Catalano is an agent of Great Choice Realty, and his father is the "authorized representative."  Although I may agree that the garnishment was improper, I would defer to the Commission's findings that Great Choice presented no evidence showing the steps it took to replenish the trust funds by seeking James Catalano's reimbursing the trust account.  I disagree with the common pleas court's finding the evidence "unreliable, insubstantial, and not probative."  Therefore, I would reverse.